OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



June 22, 2000

The Honorable Chris Harris
Chair, Administration Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0236

Re: Time when municipal tax abatement ends for a property owner elected to the city council that granted the abatement: Clarification of Attorney General Opinion JC-0155 (1999) (RQ-0177-JC)

Dear Senator Harris:

You request clarification of Attorney General Opinion JC-0155 (1999), which addressed the following provision of chapter 312 of the Tax Code, the Property Redevelopment and Tax Abatement Act:

> Property that is in a reinvestment zone and that is owned or leased by a member of the governing body of the municipality or by a member of a zoning or planning board or commission of the municipality is excluded from property tax abatement or tax increment financing.

TEX. TAX CODE ANN. § 312.204(d) (Vernon Supp. 2000). This office concluded that the owner of property receiving a municipal tax abatement was not barred from serving on the city council that granted the abatement, but the property "may not continue to receive a municipal tax abatement once its owner is elected to the city council." Tex. Att'y Gen. Op. No. JC-0155 (1999) at 2.

You now ask when the tax abatement stops—at the moment of election or at the end of the year? The exemption for tax abatement stops when the owner of the property assumes office as a member of the city council.

Chapter 312 of the Tax Code allows the governing body of a municipality to enter into a tax abatement agreement with the owner of taxable real property located in a reinvestment zone "to exempt from taxation a portion of the value of the real property or of tangible personal property located on the real property, or both, for a period not to exceed 10 years." TEX. TAX CODE ANN. § 312.204(a) (Vernon Supp. 2000). The tax abatement agreement entitles the property owner "to exemption from taxation by an incorporated city or town . . . of all or part of the value of the property as provided by the agreement." Id. § 11.28 (Vernon 1992). The tax exemption created by the agreement is subject to the Tax Code provisions that generally apply to property tax exemptions.

*See Fina Oil & Chemical Co. v. Port Neches Indep. Sch. Dist.*, 861 S.W.2d 3, 6-7 (Tex. App.–Beaumont 1993, writ denied) (notice provision of Tax Code section 11.43(h) applied to cancellation of partial exemption created by abatement agreement).

Eligibility for a tax exemption is usually determined by a claimant's qualifications on January 1. TEX. TAX CODE ANN. § 11.42 (Vernon Supp. 2000). If a tax exemption applicable to a property on January 1 is lost during the year, the tax due for the year is prorated according to section 26.10 of the Tax Code. *Id.* § 26.10 (Vernon Supp. 2000); *see also id.* § 22.02 (Vernon 1992) (person who owns the property when the exemption terminates must render it for taxation within thirty days). The tax due on the property is prorated by determining the tax for the entire year according to the usual method set out in section 26.09 of the Tax Code and multiplying this amount "by a fraction, the denominator of which is 365 and the numerator of which is the number of days the exemption is not applicable." *Id.* § 26.10 (Vernon Supp. 2000). Thus, the loss of the tax exemption affects the tax rate as of the date the exemption is lost.

The tax exemption at issue in Attorney General Opinion JC-0155 was lost when the owner of the property became a member of the governing body that granted the abatement. *See id.* § 312.204(d). An elected officer ordinarily does not assume office at the time of the election. If the person is elected to a new term of office, he or she may not assume office until the new term begins. *See generally* TEX. GOV'T CODE ANN. § 601.003 (Vernon 1994) (regular term of elective state, district, county or precinct office begins on January 1 of the year following the general election for state and county officers). Even if the individual is elected to fill a vacancy in an unexpired term, he or she must qualify for office by taking the oath of office and complying with any other requirements. *See Purcell v. Carrillo*, 349 S.W.2d 263, (Tex. Civ. App.–San Antonio 1961, no writ); Tex. Att'y Gen. Op. No. JM-589 (1986) at 2. The attorney for the city in question should consult the city charter, ordinances, and minutes of the city council meetings to determine the date at which the property owner assumed office as a member of the city council. The property tax exemption granted by the city in the tax abatement ends as of that date.

## S U M M A R Y

Attorney General Opinion JC-0155 (1999) determined that property owned or leased by a member of a municipality's governing body is not eligible for a tax abatement agreement authorized by the Property Redevelopment and Tax Abatement Act, chapter 312 of the Tax Code. Attorney General Opinion JC-0155 is clarified by determining when the property loses the tax exemption granted by the tax abatement agreement.

If the owner of property subject to the tax abatement agreement is elected to the municipality's governing body, the tax exemption created by the agreement is lost on the date the property owner assumes office as a member of the governing body. The tax due on the property for the year is determined according to the method set out in section 26.10 of the Tax Code.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee