**Rudy GARZA, Bexar County Tax Assessor-Collector and Albert Bustamante, County Judge, Bexar County, Texas, Appellants,**

**v.**

**BLOCK DISTRIBUTING COMPANY, INC., Appellee.**

No. 04–83–00436–CV.

Court of Appeals of Texas, San Antonio.

Aug. 21, 1985.

Michael L. Davis, Dist. Atty's. Office, San Antonio, for appellants.

Lester L. Klein, Klein & Klein, Mitchell S. Rosenheim, San Antonio, for appellee.

Before BUTTS, TIJERINA and QUENTIN KEITH, JJ.

## OPINION

QUENTIN KEITH, Assigned Justice *

This is an appeal from a judgment granting a permanent injunction restraining any effort to levy, assess, or collect any additional ad valorem taxes upon tangible personal property owned by the plaintiff, Block Distributing Company located in Bexar County, Texas, for the taxable year of 1982. The matter was considered at a bench trial and we have no findings of fact or conclusions of law, other than those appearing on the face of the judgment.

Plaintiff alleged that the tax assessor-collector did not follow the statutory procedure when he attempted to increase the value of plaintiff's personal property assessment. It sought and procured the issuance of a temporary injunction which was merged into a permanent injunction after the court found merit to the contentions advanced. In our review, we do not find error and the judgment of the trial court will be affirmed.

Plaintiff is a wholesale liquor dealer and the bulk of its taxable property consisted of its inventory of liquor. In January, 1982, Bexar Appraisal District[1] sent to plaintiff a request that it render its commercial property for taxation, noting that the assessment for the prior year was $908,300. The notice contained a statement that the request for the rendition was not a tax statement; Block did not respond to the notice nor did it render its commercial personal property for the year 1982.

On August 10, 1982, BAD submitted its 1982 appraisal roll to the tax assessor-collector (our defendant Rudy Garza), showing thereon that Block's personal property had been appraised at the value noted in its request mentioned earlier, namely: $908,300; and Garza accepted the roll and determined that Block's taxes on BAD's apprais-

al amounted to $3,170.82. On October 1, 1982, Garza sent to Block another tax statement showing a valuation of $3,808,310 with a tax balance due of $13,706. Thus, with this sequence of events we reach the critical question in the case. The increased valuation, along with the increase in taxes due was made without notifying Block of any hearing at which it could protest this unilateral imposition of an additional tax burden upon its property.

On October 13, 1982, Block filed suit in the District Court seeking a declaratory judgment that the increase in valuation was invalid because of the tax assessor's failure to give Block notice prior to increasing its valuations. Block also sought, and obtained a temporary restraining order enjoining the assessor from increasing the valuation on Block's property from $908,300 to the figure of $3,808,310, as shown upon the notice of the increased valuation. The temporary restraining order was converted, subsequently, into a temporary injunction, by stipulation of the parties.

At the bench trial, it was established, beyond question, that Block's valuation was increased without prior notice having been given. Indeed, counsel for the assessor, in his statement of the case, says:

> Prior to issuing this tax statement [October 1, 1982, mentioned earlier], the Tax Assessor did not provide Block with notice of this increase or notice of a hearing in which Block would have the opportunity to protest this increase before the ARB.[2]

But, Block filed its suit in the District Court seeking relief from the unauthorized increased assessment and levy. One day after the filing of the suit, the tax assessor sent Block a certificate of error, purporting to reinstate the original valuation of Block's personal property. We note such

---

* Assigned by the Chief Justice of the Supreme Court of Texas as authorized pursuant to Paragraph (d) of Article 1812, Texas Revised Civil Statutes as amended by H.B. 2244 (Acts 1983, 68th Leg., p. 1912, Ch. 354, Sec. 1, effective June 16, 1983).

1. Counsel for the parties use the acronym "BAD" in speaking of this entity and we will not deviate from their practice.

2. Having encountered another acronym, we follow counsel's lead; noting that "ARB" in this instance refers to the Appraisal Review Board.

happening but do so without passing upon the validity or effect of such certificate, such not being required under this record.

This "certificate" certified that Block's certified market valuation was $908,300 with a tax balance of $3,170.82 due for the year 1982. Block remitted the tax due on October 18, 1982, and it was accepted by the tax assessor.

Appellant's counsel states in his brief that on September 14, 1982, the assessor discovered a Wholesaler's Report to the Texas Alcoholic Beverage Commission showing that Block had substantial inventories of liquor upon the critical date when the tax accrued. In fairness to all sides, we note, in passing, that the original valuation was land only and there was no evaluation of Block's inventory included therein. Counsel argues that the assessor, acting under TEX.TAX CODE ANN. § 25.21 (Vernon 1982), appraised the omitted property for $2,900,100 and recommended to the ARB that this amount be included on the 1982 supplemental tax roll. This had the effect of raising Block's taxes to $13,-705.78. Block was directed to file a written statement or protest with ARB if it wished to have a hearing on its protest. Block filed the protest timely but did nto appear at the scheduled hearing before ARB where the supplemental appraisal was approved by ARB. As the assessor's counsel puts the matter:

> Block's protest was never considered at the ARB hearing on December 15, 1982.

ARB notified Block of its action but Block did not pay or offer to pay the increased taxes resulting from the increased valuation.

Appellant's first complaint is that the trial court did not have jurisdiction to reach the merits of Block's contention because it had not paid the total amount of the taxes' appellant claimed to be due, including those based upon the increased valuation. Coun- sel argues that by failing to pay all of the taxes levied for the year involved, Block forfeited its remedy under §§ 31.02 and 42.08 of the Tax Code.[3]

■ Appellant's counsel argues forcefully that the failure of Block to pay the entire amount of taxes due upon the increased assessment resulted in a forfeiture of its right to complain and deprived the trial court of jurisdiction to hear Block's claim of an unconstitutional increase in its valuation without a hearing. We are not persuaded by appellant's argument and overrule its first point of error. In urging this contention, appellants rely primarily upon *Harding Brothers Oil & Gas Co. v. Jim Ned I.S.D.*, 457 S.W.2d 102 (Tex.Civ. App.—Eastland 1970, no writ). We do not find the cited case to be either persuasive or controlling here. The *Jim Ned* court pointedly commented that the taxpayer "did not tender ... any amount of taxes whatever" during the litigation. *Id.* at 104. Here, Block paid the taxes which the assessor-collector certified on his statement were due and are still in the coffers of the county.

Moreover, the *Jim Ned* court was concerned with the applicability of the Declaratory Judgments Act and the possibility that a final judgment would not be entered disposing of the entire controversy. *Id.* at 105. We have no such problem here. Instead, we have a quasi-judicial body making a large increase in the valuations without giving the taxpayer the opportunity to be heard. And, having so violated its due process rights, the appellants would now deny the taxpayer any opportunity to obtain judicial relief from its illegal acts. The mere statement of the proposition demonstrates its lack of merit.

Although there has been a substantial revision of the statutory processes governing the assessment and collection of ad valorem taxes since Justice Pope con-

**3.** *Sec. 31.02:* "Except as provided by Sections 31.03 and 31.04 of this code, taxes are due on receipt of the tax bill and are delinquent if not paid before February 1 of the year following the year in which imposed."

*Sec. 42.08: (a) "The pendency of an appeal as provided by this chapter does not affect the date taxes become delinquent."*

sidered the question in *City of Waco v. Conlee Seed Co.*, 449 S.W.2d 29 (Tex.1969), much of the holding in *Conlee* is still good law applicable to the present system, particularly, the discussion of collateral attacks upon "equalized" values. We are in accord with appellee's argument expressed in this manner:

> The 1982 Bexar County Appraisal Review Board's market valuation of Block's tangible commercial property, as indicated in its unsigned letter of December 29, 1982, was void because of the Board's failure to follow the statutory procedure for giving Block notice of the protest hearing. Not only was the Board's determination void, but also the Board never acquired jurisdiction to reassess the value of Block's property. As a result, the Board's determination of value of December 29, 1982, was subject to collateral attack.

Indeed, the Board, in the absence of notice to Block, never acquired jurisdiction to consider any increase in Block's valuation. This Court, speaking through Justice Fly in 1897, so held and his opinion was specifically approved by the Texas Supreme Court, Chief Justice Gaines being the spokesman for that court. *See Hoefling v. City of San Antonio*, 15 Tex.Civ.App. 257, 38 S.W. 1127, 1128 (San Antonio), *writ ref'd*, 90 Tex. 511, 39 S.W. 918 (1897).

The reasoning behind this holding is simple. The rule of due process requires notice of the increase to the taxpayer with an opportunity to be heard before his property may be encumbered by an additional tax lien. *See also, City of Houston v. Union City Transfer*, 307 S.W.2d 645, 648 (Tex. Civ.App.—Houston 1957, no writ), where additional authorities are collated.

Since the Appraisal Board never acquired jurisdiction of the proposed increase in value, its approval thereof was a void act and subject to challenge at any time or place.

All of appellant's points of error are overruled and the judgment of the trial court is affirmed.

