Joseph **GRUY**, Jr., Appellant,

v.

**JIM HOGG COUNTY APPRAISAL DISTRICT, et al., Appellees.**

No. 9477.

Court of Appeals of Texas, Texarkana.

Aug. 5, 1986.

Marion E. Williams, Jr., Beeville, for appellant.

Homer E. Dean, Jr., Dean & Hunt, Alice, for appellees.

CORNELIUS, Chief Justice.

Joseph Gruy, Jr. appeals from an adverse judgment in his action to set aside increased taxable values on his property set by the Jim Hogg County Appraisal District. The principal question to be decided is whether the district's failure to give Gruy notice of the increased appraisal within the time provided by Tex.Tax Code Ann. § 25.19(a) (Vernon 1982) rendered its action void. We conclude that in the circumstances here it did not.

In 1983, Gruy's 6,262.74 acres of land in Jim Hogg County had an appraised value of $273,630.00. Early in 1984, Gruy sold

1. Tex. Tax Code Ann. § 25.19 (Vernon 1982)

1,168.91 acres and retained 5,093.83 acres. Because the land is agricultural land, an annual redetermination of the appraised value is required and was done by the chief appraiser for the district pursuant to the requirements of Tex. Const. art. 8, § 1–d and Tex.Tax Code Ann. §§ 23.52, 23.53 (Vernon 1982). Gruy owned different classifications of land under the code used by the appraisal district. His lands were reappraised as follows: (1) 2,731.09 acres coded as R1D2 valued at $44.00 per acre in 1983, and $50.00 per acre in 1984; (2) 240 acres coded as RB1 valued at $31.00 per acre in 1983, and $35.00 per acre in 1984; (3) 22.74 acres coded as M valued at $4.00 per acre in 1983, and $5.00 per acre in 1984; and (4) 2,100 acres coded as R1D1 valued at $45.00 per acre in 1983, and $51.00 per acre in 1984.

Because Gruy had sold a portion of his lands the total appraised value of his holdings in 1983 was $273,630.00, and in 1984 was $252,170.00. The appraisal district's computer read these figures, and as the tax code only requires notice of a reappraisal to be sent if there is an increase in the appraised value of more than $1,000.00, no notice was prepared or sent to Gruy. When Gruy received his tax statement in October of 1984 and noticed that the per acre values of his land had increased, he immediately inquired why he had not been sent a notice. When the appraisal board realized they had not sent Gruy notice, they sent him a supplemental reappraisal notice. Gruy then filed his notice of protest. The only basis for his protest was that he had not received timely notice as required by the tax code. He never objected to the actual reappraisal values set on his property or the valuations used in the reappraisal. A hearing was set at which both Gruy and his attorney appeared and presented evidence, after which the board denied the protest.

It is undisputed that the appraisal district did not literally comply with Section 25.19(a),[1] as notice was not sent to Gruy at

states in pertinent part:

least twenty days before the date the review board began to consider protests.

Prior to the adoption of the Texas Tax Code, the law was settled that unless notice was given to the taxpayer, the appraisal district never acquired jurisdiction to raise the values, and any attempted raise was void even if the taxpayer could show no injury. *City of Arlington v. Cannon*, 153 Tex. 566, 271 S.W.2d 414 (1954); *Garza v. Block Distributing Co.*, 696 S.W.2d 259 (Tex.App.—San Antonio 1985, no writ); *Zavala County v. E.D.K. Ranches, Inc.*, 544 S.W.2d 484 (Tex.Civ.App.—San Antonio 1976, no writ); *Fayetteville Independent School District v. Crowley*, 528 S.W.2d 344 (Tex.Civ.App.—Austin 1975, writ ref'd n.r. e.); *Darby v. Borger Independent School District*, 386 S.W.2d 572 (Tex.Civ.App.—Amarillo 1965, writ ref'd n.r.e.); *City of El Paso v. Howze*, 248 S.W. 99 (Tex.Civ.App.—El Paso 1923, writ ref'd). However, if the taxpayer appeared before the appraisal board he waived notice and submitted himself to the board's jurisdiction. *City of Arlington v. Cannon*, supra; *Fayetteville Independent School District v. Crowley*, supra; *Darby v. Borger Independent School District*, supra; 21A J. Howell, *Property Taxes* § 916 (Texas Practice 2d ed. 1982).

Gruy does not contend that he was denied due process or that the district's reappraised value was inaccurate or unreasonable. Even though Tex. Tax Code Ann. § 25.19(c), (f) (Vernon 1982)[2] provides that failure to receive notice does not affect the validity of the district's action, Gruy contends that the failure to *mail* such notice voids the action. We find it unnecessary to pass on this suggested interpretation of Subsections (c) and (f). We conclude that when the taxpayer voluntarily appears before the board and is given a full hearing, any prior defect in notice is waived. As Gruy did appear and was given a full hearing, he was not harmed and has no valid complaint.

Our ruling on the first point of error is dispositive of the case so we need not discuss the remaining points of error.

The judgment is affirmed.

(a) By May 15 or as soon thereafter as practicable and, in any event, not later than the 20th day before the date the appraisal review board begins considering protests under Chapter 41 of this code, the chief appraiser shall deliver a written notice to a property owner of the appraised value of his property if:

(1) the appraised value of the property is greater than it was in the preceding year;

(2) the appraised value of the property is greater than the value rendered by the property owner; or

(3) the property was not on the appraisal roll in the preceding year.

2. Tex. Tax Code Ann. § 25.19(c), (f) (Vernon 1982) states:

(c) In making the preliminary calculation required by Subsection (b)(5)(A) of this section of the effective tax rate that will not increase taxes, taxes imposed by a unit in the preceding year on property not yet appraised and submitted to the appraisal review board for the current year shall be excluded.

. . . .

(f) Failure to receive the notice required by this section does not affect the validity of the appraisal of the property, the imposition of any tax on the basis of the appraisal, the existence of any tax lien, or any proceeding instituted to collect the tax.