**ALIEF INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**HARRIS COUNTY APPRAISAL DISTRICT and Harris County Appraisal Review Board, Appellees.**

**No. 01–86–00772–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 30, 1987.

Rehearing Denied May 28, 1987.

Terry G. Wiseman, Roseman & Wiseman, P.C., Houston, for appellant.

Kenneth Wall, Olson & Olson, Houston, for appellees.

Before EVANS, C.J., and SAM BASS and LEVY, JJ.

OPINION

SAM BASS, Justice.

This is an appeal from a summary judgment that appellant take-nothing against the appellees.

We affirm.

Appellant, Alief Independent School District (AISD), brought suit against appellees, Harris County Appraisal District (HCAD), and Harris County Appraisal Review Board (HCARB), alleging that HCAD and HCARB had failed to comply with certain provisions of the Texas Tax Code. The parties agreed that there were no genuine issues as to any material fact, and both sides filed motions for summary judgment. After a hearing on the summary judgment motions, the trial court granted HCAD's and HCARB's motion and denied that of AISD.

On January 1, 1984, HCAD became the agency responsible for appraising the fair market value of taxable property within Harris County, which included AISD's boundaries. HCAD determined AISD's taxable property value for 1984 and certified it, pursuant to Tex.Tax Code Ann. § 26.01 (Vernon Supp.1987). Although not stated in the record, it can be inferred from the circumstances of this suit that HCAD increased the appraised value of the property within AISD's district and failed to give it notice of adjustments to such appraisals before the tax notices had been issued by AISD.

AISD set its 1984 tax rate, based upon HCAD's 1984 appraisal roll, at a level that would produce sufficient revenue to sustain its operations. However, after a judgment against HCAD in district court, it decreased AISD's appraisal roll.

On September 4, 1985, an agreed order was signed in *Manning v. Harris County Appraisal District*, No. 85–14363 in the 269th District Court of Harris County. The *Manning* case was a class action suit in which HCAD and HCARB were defendants and certain Harris County property owners were plaintiffs, contending that property owners whose property valuations had been increased, or whose applications for exemption had been denied, were without an opportunity to protest the increase of valuation before HCARB for 1984.

The *Manning* judgment ordered HCAD and HCARB to correct the 1984 appraisals for property owners qualified for relief, and to furnish the corrections to the affected taxing units.

HCAD and HCARB, pursuant to the *Manning* judgment, sent to AISD corrected appraisal rolls affecting certain properties within the AISD district. The corrected appraisal rolls reduced the 1984 value of AISD's properties.

In points of error one and two, AISD contends that the trial court erred in overruling its summary judgment motion because AISD was entitled to a summary judgment as a matter of law, on the grounds that it was neither a party to, nor in privity with, the *Manning* judgment.

HCAD is a political subdivision of the State that has the responsibility to appraise all property within the district for ad valorem tax purposes. Tex.Tax Code Ann. § 6.01 (Vernon Supp.1987). One of the responsibilities of HCARB is to review the appraisal records of the appraisal district, and to hear and determine property owner protests of actions by the appraisal district. Tex.Tax Code Ann. §§ 41.01, 41.41 (Vernon 1982).

AISD complains of five corrected rolls issued to it regarding 1984 appraisals, urging that the corrected rolls were unlawful because they were not made pursuant to chapters 25, 41, and 42 of the Texas Tax Code.

Tex.Tax Code Ann. § 25.25 (Vernon 1982) states in pertinent part:

Correction of Appraisal Role.

(a) Except as provided by Chapters 41 and 42 of this code and by this section, the appraisal roll may not be changed.

The appellees admitted, in response to request for admissions, to interrogatories, and in their appellate brief that the correction rolls were not made pursuant to those specified chapters of the Texas Tax Code, but were issued to AISD in accordance with the terms of the *Manning* judgment.

The court in *Manning* defined those members of the class who were entitled to relief as:

1. All Harris County real property owners whose 1984 appraised valuations were increased or applications for exemption denied by the Harris County Appraisal District without an opportunity to protest the increase of valuation or the denial of the application for exemption

before the Harris County Appraisal Review Board for 1984 *and* who either:
a. Filed with the Harris County Appraisal District:
   (1) 1984 protest of valuation timely; or
   (2) 1984 *rendition of value on or before* 4/30/85; or
   (3) 1984 application for exemption; *or*
b. Sold the subject property prior to July 19, 1985;
*OR*
2. All property owners who owned real property located in the Bridgestone, Section 5 Subdivision, Harris County during 1984.

The *Manning* judgment required HCAD and HCARB to correct the 1984 appraisals and to furnish the corrections to the appropriate taxing units.

Due process required that property owners be given adequate notice and an opportunity to be heard prior to increasing the value of their property for ad valorem taxation. *See Garza v. Block Distributing Co.,* 696 S.W.2d 259, 262 (Tex.App.—San Antonio 1985, no writ). The court in *Manning* awarded relief to property owners whose 1984 valuations were increased without an opportunity to protest. The *Manning* court ordered HCAD to issue corrected rolls that would afford property owners the benefit of due process.

AISD urges that it is not bound by the *Manning* judgment. The *Manning* judgment directed HCAD and HCARB to issue new corrected rolls to those taxing units that were entitled to relief because of HCAD and HCARB's initial inappropriate appraisal procedures. Thus, while AISD is not bound to do anything by the *Manning* judgment, it was affected by the court's order to HCAD and HCARB, requiring those entities to correct their appraisal values.

Points of error one and two are overruled.

The judgment is affirmed.