**HARRIS COUNTY APPRAISAL DISTRICT, Appellant,**

v.

**PASADENA PROPERTY, LP d/b/a Old World Industries, Appellee.**

No. 11–05–00013–CV.

Court of Appeals of Texas, Eastland.

June 15, 2006.

Robert P. McConnell, Olson & Olson, L.L.P., Houston, for appellant.

J. Mitchell Little, Scheef & Stone, L.L.P., Frisco, for appellee.

Panel consists of WRIGHT, C.J., and McCALL, J., and STRANGE, J.

## OPINION

TERRY McCALL, Justice.

Harris County Appraisal District (HCAD) appeals from a summary judgment holding that Pasadena Property, LP d/b/a Old World Industries was entitled to keep its pollution control exemption. The summary judgment was based on the two grounds asserted by Pasadena Property: (1) removal of the exemption was void because HCAD failed to give the proper statutory notice required by TEX. TAX CODE ANN. § 11.43(h) (Vernon Supp.2005) and

(2) Pasadena Property was entitled to the TEX. TAX CODE ANN. § 11.31 (Vernon 2001) exemption as a matter of law. We reverse and remand for a trial on the merits to determine whether Pasadena Property is entitled to retain the Section 11.31 exemption.

### Background Facts

To stay within environmental laws while producing ethylene oxide and ethylene glycol, Pasadena Property installed pollution control equipment at its plant. Prior to tax year 2004, Pasadena Property had a statutory exemption under Section 11.31 of the Tax Code for that property. TEX. TAX CODE ANN. § 11.43(c) (Vernon Supp.2005) provides that, once the Section 11.31 exemption is granted, the taxpayer need not claim the exemption in subsequent years; the exemption applies to the property until the ownership of the property changes or the taxpayer's "qualification for the exemption changes."

HCAD's chief appraiser determined that Pasadena Property's qualification for the exemption changed for the year 2004 and canceled the exemption. However, the chief appraiser failed to deliver written notice of the cancellation as required by Section 11.43(h) of the Tax Code:

> If the chief appraiser learns of any reason indicating that an exemption previously allowed should be canceled, he shall investigate. If he determines that the property should not be exempt, he shall cancel the exemption and deliver written notice of the cancellation within five days after the date he makes the cancellation.

Section 11.43(h).

Pasadena Property did receive a tax bill which provided notice that the exemption

had been canceled and that HCAD appraised the property at $185,130. Pasadena Property timely filed a notice of protest with the appraisal review board under TEX. TAX CODE ANN. § 41.41(9) (Vernon 2001), which states that a property owner is entitled to protest "any other action of the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affects the property owner." In its hearing affidavit, Pasadena Property asserted only that the "value for this property is exempt." Pasadena Property was granted a hearing before the appraisal review board on July 20, 2004. The appraisal review board denied the Section 11.31 exemption but lowered the appraised value to $180,000. Pasadena Property timely filed an appeal to the district court. The district court granted Pasadena Property's motion for summary judgment.

Pasadena Property could have also protested the lack of notice of the cancellation required by Section 11.43(h) by filing a protest under TEX. TAX CODE ANN. § 41.411 (Vernon 2001). At the evidentiary hearing on a Section 41.411 protest, if a taxpayer establishes a failure to deliver the required notice, Section 41.411(b) requires the appraisal review board to then determine the property owner's protest on the merits. *ABT Galveston Ltd. P'ship v. Galveston Cent. Appraisal Dist.,* 137 S.W.3d 146, 154 (Tex.App.-Houston [1st Dist.] 2004, no pet.); *Denton Cent. Appraisal Dist. v. CIT Leasing Corp.,* 115 S.W.3d 261, 264–66 (Tex.App.-Fort Worth 2003, pet. denied). Here it was unnecessary for Pasadena Property to file the Section 41.411 protest because it obtained a hearing on the merits by the appraisal review board through its protest under Section 41.41(9) of the Tax Code. *See Harris County Appraisal Review Bd. v. Gen. Elec. Corp.,* 819 S.W.2d 915, 919 (Tex.App.-Houston [14th Dist.]

1991, writ denied).[1]

In four issues, HCAD argues that the district court erred in granting the motion for summary judgment, in holding that HCAD's removal of the pollution control exemption was void for failure of notice, in holding that the property was exempt as a matter of law, and in ordering HCAD to refund any 2004 taxes which were paid.

### Standard of Review

A trial court should grant a motion for summary judgment if the moving party establishes that (1) no genuine issue of material fact exists and (2) the moving party is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). Once the movant establishes his right to a summary judgment, the nonmovant must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678–79 (Tex.1979).

The question on appeal is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827, 828 (Tex.1970). When reviewing a summary judgment, we take as true evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

### Effect of Lack of Notice Under Section 11.43(h)

▮ The Texas Constitution expressly allows the legislature to bestow exclusive original jurisdiction on administrative bodies. *See* TEX. CONST. art. V, § 8. In *Cameron Appraisal District v. Rourk*, 194 S.W.3d 501 (Tex.2006), the supreme court stated that the legislature intended to bestow exclusive original jurisdiction in ad valorem tax cases on the appraisal review boards. Because the Texas Tax Code provides detailed administrative procedures for contesting property taxes,[2] the supreme court pointed out that it has repeatedly held that "a taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes." *Id.*

In this case, however, the focus is not on the district court's jurisdiction but on whether the appraisal district, HCAD, ever acquired the original jurisdiction that the legislature bestowed upon it. Pasadena Property has defined the issue:

> Does TEX. TAX CODE § 11.43(h) create a jurisdictional requirement on the part of HCAD to notice the removal of a pollution control property exemption and, if so, does failure to provide a taxpayer notice of the removal render the act void?

▮ Under the facts of this case, we hold that HCAD had jurisdiction for the chief appraiser to cancel the pollution exemption. The question is the effect of the chief appraiser's failure to send notice of his cancellation to Pasadena Property.

---

**1.** While we agree with the holding in *General Electric Corp.*, we disagree with the court's statement that, "[i]n the absence of notice to G.E., the Board never acquired jurisdiction to consider any increase in the value of G.E.'s property.... [T]hat increase was a void act." 819 S.W.2d at 920.

**2.** TEX. TAX CODE ANN. §§ 41.04–.71 (Vernon 2001 & Supp.2005).

Viewing the issue as one of due process, HCAD's argument implicitly assumes that it had jurisdiction to cancel the exemption. Citing *Gruy v. Jim Hogg County Appraisal District,* 715 S.W.2d 170, 172 (Tex.App.-Texarkana 1986, no writ), HCAD argues that Pasadena Property waived its claim of lack of notice under Section 11.43(h) by filing its Section 41.41(9) protest and voluntarily appearing before the appraisal review board. According to HCAD, Pasadena Property was afforded due process when it contested the removal of the exemption before the appraisal review board in a hearing where it obtained a ruling. *Dallas County Appraisal Dist. v. Lal,* 701 S.W.2d 44, 47 (Tex.App.-Dallas 1985, writ ref'd n.r.e.). HCAD concedes that Pasadena Property exhausted its administrative remedy with the appraisal review board and that the district court had subject matter jurisdiction of its appeal.

Citing *Fina Oil and Chemical Co. v. Port Neches I.S.D.,* 861 S.W.2d 3 (Tex. App.-Beaumont 1993, writ den'd), Pasadena Property argues that the lack of notice was not waived by its appearance before the appraisal board and that, under *Inwood Dad's Club, Inc. v. Aldine I.S.D.,* 882 S.W.2d 532, 538 (Tex.App.-Houston [1st Dist.] 1994, no writ), and *Garza v. Block Distributing Co.,* 696 S.W.2d 259 (Tex.App.-San Antonio 1985, no writ), the HCAD chief appraiser's removal of the pollution control exemption without the required Section 11.43(h) notice was a void act. Pasadena Property maintains that HCAD did not acquire jurisdiction or authority to remove the Section 11.31 exemption because its chief appraiser failed to provide the notice required by Section 11.43(h).

In *Fina Oil and Chemical Co.,* the chief appraiser failed to deliver the required Section 11.43(h) notice to Fina after he cancelled Fina's property tax abatement. The court held that Fina was not barred from prosecuting a suit in the district court against the taxing unit that had executed the tax abatement agreement; Fina did not have to exhaust its administrative remedy. The opinion notes that the taxing authority argued that Fina should have exhausted the administrative procedures with the appraisal review board before filing suit. Fina had received, but not protested, a notice of appraised value for property taxes which included the value or amount of the abatement exemption granted to Fina but did not identify the property covered by the exemption. *Fina Oil,* 861 S.W.2d at 5 n. 2. It is not clear from the opinion whether that notice apprised Fina that the taxing authority had withdrawn the tax abatement exemption, as opposed to the tax bill sent to Pasadena Property in our case.

█ The Houston Court of Appeals in *ABT Galveston,* 137 S.W.3d at 156, noted that the *Fina* court did not address Section 41.44(c) (or any other statutory provision) concerning the timeliness of a property owner's protest in the absence of the required Section 11.43(h) notice; and the Houston Court declined to follow its reasoning. We also decline to follow the reasoning in *Fina.* A taxpayer cannot elect to do nothing when confronted with a notice or a tax bill that the taxpayer believes to be erroneous (e.g., cancellation of an exemption), and then file suit in the district court; that would defeat the entire tax scheme the Tax Code provides for protesting and appealing actions of the taxing authorities. *MAG–T, L.P. v. Travis Cent. Appraisal Dist.,* 161 S.W.3d 617, 632 (Tex. App.-Austin 2005, pet. denied).[3] In this case, Pasadena Property followed the Tax Code administrative procedures and ob-

3. *MAG–T, L.P.* has a thorough discussion of the Tax Code provisions and related cases.

tained a ruling by the appraisal review board.

■ We hold that a chief appraiser's failure to provide the notice to a taxpayer required by Section 11.43(h) makes his cancellation of the Section 11.31 ad valorem exemption voidable, not void, because a taxpayer must be afforded an opportunity to protest the cancellation. The collection of a tax constitutes a deprivation of property; therefore, a taxing unit must afford a taxpayer due process by giving notice to the taxpayer and a fair opportunity to be heard before that deprivation occurs. *MAG–T, L.P.*, 161 S.W.3d at 629.

■ The lack of notice did not make the chief appraiser's cancellation a void act. *Id.* at 630. Notice is a procedural requirement that does not affect the appraisal district's jurisdiction. *Denton Central Appraisal Dist.*, 115 S.W.3d at 265. If the cancellation were a void act, then judgments in tax proceedings would be subject to collateral attack years later. *See Hubenak v. San Jacinto Gas Transmission Co.*, 141 S.W.3d 172, 182 (Tex.2004). We disagree with the statements in *Inwood Dad's Club, Inc.* and in *Garza* that removal of an exemption by an appraisal district without notice to the property owner is a void act. We also note that the events in *Garza* occurred before the enactment of Section 41.411, which gives a property owner the right to protest formally the failure of a taxing authority to deliver any notice "to which the property owner is entitled." Pasadena Property waived its claim of lack of notice under Section 11.43(h) by filing its protest of the loss of the exemption pursuant to Section 41.41(9) and voluntarily appearing before the appraisal review board. *Gruy*, 715 S.W.2d at 172.

This case is analogous to *Hubenak*. TEX. PROP.CODE ANN. § 21.012(a) (Vernon 2004) provides that a condemning authority "may begin a condemnation proceeding" if it is "unable to agree with the owner of the property on the amount of damages." TEX. PROP.CODE ANN. § 21.012(b) (Vernon 2004) also states that a petition commencing a condemnation proceeding "must" state that the entity and the property owner are unable to agree on the damages. The supreme court reviewed the cases concerning the "unable to agree" requirement of Section 21.012(a) of the Texas Property Code, noting that a number of the courts of appeals had held or said in dicta that the "unable to agree" provision was jurisdictional or that failure to comply with the requirement rendered the condemnation proceeding void. The supreme court also noted that other decisions of the supreme court were inconsistent with the proposition that compliance with the "unable to agree" provision was necessary to bestow subject matter jurisdiction The supreme court concluded that the statutory requirement of "unable to agree" was mandatory, but failure to satisfy it does not deprive courts of subject matter jurisdiction. *Hubenak*, 141 S.W.3d at 180. A landowner can waive any right to complain that there was no effort to agree. *Hubenak*, 141 S.W.3d at 181.[4]

■ Likewise, we conclude that the notice requirement of Section 11.43(h) of the Tax Code is mandatory, but failure to satisfy it does not deprive courts of subject matter jurisdiction. The key issue is whether a taxpayer is afforded due process so that the taxpayer has an opportunity to protest a cancellation of its ad valorem

---

**4.** If a landowner timely objects that the "unable to agree" requirement has not been met, the statute's goal-avoidance of protracted litigation—can be accomplished by the proceeding being abated until the requirement that the parties "are unable to agree" has been satisfied. *Hubenak*, 141 S.W.3d at 184.

exemption. If a taxpayer is given an opportunity to be heard before an appraisal board at some state of the proceedings, then the requirements of due process are satisfied. *Denton Cent. Appraisal Dist.,* 115 S.W.3d at 266. Pasadena Property was given that opportunity. HCAD's second issue is sustained.

### The Section 11.31 Exemption

■ Although HCAD agrees that Pasadena Property exhausted its administrative remedy and that the district court below had subject matter jurisdiction over Pasadena Property's appeal, HCAD disagrees that Pasadena Property was entitled to a summary judgment declaring that Pasadena Property was entitled to the Section 11.31 exemption as a matter of law.

In its third issue, HCAD argues that Pasadena Property had the burden to show that there existed no genuine issue of material fact and that it was entitled to the Section 11.31 exemption as a matter of law. *Nixon,* 690 S.W.2d at 548. HCAD points out that Pasadena Property offered no summary judgment evidence to conclusively show that its property was used wholly or partly as a facility, device, or method for the control of air, water, or land pollution. Section 11.31(a). We agree. We note that Pasadena Property did not attempt to answer this contention of HCAD. HCAD's third issue is sustained. Because the trial court's summary judgment was based only on the two grounds, HCAD's first issue is sustained.

### Refund of the Property Taxes

■ In its final issue, HCAD argues that the trial court erred in ordering HCAD to make a tax refund because there was no evidence that Pasadena Property paid any taxes for 2004 to HCAD and because HCAD does not assess or collect

taxes. Pasadena Property did not address this issue. HCAD's fourth issue is sustained.

### This Court's Ruling

The summary judgment of the trial court is reversed, and the cause is remanded for a trial on the merits to determine whether Pasadena Property is entitled to retain the Section 11.31 exemption.