Opinion filed June 15, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed June 15, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00013-CV 

                                                    __________

 

                   HARRIS COUNTY APPRAISAL DISTRICT, Appellant

 

                                                             V.

 

PASADENA PROPERTY, LP D/B/A          

OLD WORLD INDUSTRIES, Appellee

 



 

On Appeal from the 270th District Court

 

Harris County, Texas

 

Trial Court Cause No. 2004-44516 

 



 

O P I N I O N

 








Harris County Appraisal District (HCAD) appeals from
a summary judgment holding that Pasadena Property, LP d/b/a Old World
Industries was entitled to keep its pollution control exemption.  The summary judgment was based on the two
grounds asserted by Pasadena Property: (1) removal of the exemption was void
because HCAD failed to give the proper statutory notice required by Tex. Tax Code Ann. ' 11.43(h) (Vernon Supp. 2005) and (2)
Pasadena Property was entitled to the Tex.
Tax Code Ann. '
11.31 (Vernon 2001) exemption as a matter of law.  We reverse and remand for a trial on the
merits to determine whether Pasadena Property is entitled to retain the Section
11.31 exemption.

Background Facts

To stay within environmental laws while producing
ethylene oxide and ethylene glycol, Pasadena Property installed pollution
control equipment at its plant.  Prior to
tax year 2004, Pasadena Property had a statutory exemption under Section 11.31
of the Tax Code for that property.  Tex. Tax Code Ann. ' 11.43(c) (Vernon Supp. 2005) provides
that, once the Section 11.31 exemption is granted, the taxpayer need not claim
the exemption in subsequent years; the exemption applies to the property until
the ownership of the property changes or the taxpayer=s
Aqualification for the exemption
changes.@

HCAD=s
chief appraiser determined that Pasadena Property=s
qualification for the exemption changed for the year 2004 and canceled the
exemption.  However, the chief appraiser
failed to deliver written notice of the cancellation as required by Section
11.43(h) of the Tax Code:

If the chief appraiser learns of any reason
indicating that an exemption previously allowed should be canceled, he shall
investigate.  If he determines that the
property should not be exempt, he shall cancel the exemption and deliver
written notice of the cancellation within five days after the date he makes the
cancellation.

 

Section 11.43(h).

Pasadena Property did receive a tax bill which
provided notice that the exemption had been canceled and that HCAD appraised
the property at $185,130.  Pasadena
Property timely filed a notice of protest with the appraisal review board under
Tex. Tax Code Ann. ' 41.41(9) (Vernon 2001), which states
that a property owner is entitled to protest Aany
other action of the chief appraiser, appraisal district, or appraisal review
board that applies to and adversely affects the property owner.@ In its hearing affidavit, Pasadena
Property asserted only that the Avalue
for this property is exempt.@  Pasadena Property was granted a hearing
before the appraisal review board on July 20, 2004.  The appraisal review board denied the Section
11.31 exemption but lowered the appraised value to $180,000.  Pasadena Property timely filed an appeal to
the district court.  The district court
granted Pasadena Property=s
motion for summary judgment.








Pasadena Property could have also protested the
lack of notice of the cancellation required by Section 11.43(h) by filing a
protest under Tex. Tax Code Ann. ' 41.411 (Vernon 2001).  At the evidentiary hearing on a Section
41.411 protest, if a taxpayer establishes a failure to deliver the required
notice, Section 41.411(b) requires the appraisal review board to then determine
the property owner=s protest
on the merits.   ABT Galveston Ltd. P=ship v. Galveston Cent. Appraisal Dist.,
137 S.W.3d 146, 154 (Tex. App.CHouston
[1st Dist.] 2004, no pet.); Denton Cent. Appraisal Dist. v. CIT Leasing
Corp., 115 S.W.3d 261, 264-66 (Tex. App.CFort
Worth 2003, pet. denied).  Here it was
unnecessary for Pasadena Property to file the Section 41.411 protest because it
obtained a hearing on the merits by the appraisal review board through its
protest under Section 41.41(9) of the Tax Code.  See Harris County Appraisal Review Bd. v. Gen.
Elec. Corp., 819 S.W.2d 915, 919 (Tex. App.CHouston
[14th Dist.] 1991, writ denied).[1]

In four issues, HCAD argues that the district
court erred in granting the motion for summary judgment, in holding that HCAD=s removal of the pollution control
exemption was void for failure of notice, in holding that the property was
exempt as a matter of law, and in ordering HCAD to refund any 2004 taxes which
were paid.

Standard of Review

A trial court should grant a motion for summary
judgment if the moving party establishes that (1) no genuine issue of material
fact exists and (2) the moving party is entitled to judgment as a matter of
law.  Tex.
R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470,
471 (Tex. 1991).  Once the movant
establishes his right to a summary judgment, the nonmovant must come forward
with evidence or law that precludes summary judgment.  City of Houston v. Clear Creek Basin
Authority, 589 S.W.2d 671, 678-79 (Tex. 1979).

The question on appeal is whether the summary
judgment proof establishes as a matter of law that there is no genuine issue of
fact as to one or more of the essential elements of the plaintiff=s cause of action.  Gibbs v. General Motors Corporation,
450 S.W.2d 827, 828 (Tex. 1970).  When
reviewing a summary judgment, we take as true evidence favorable to the
nonmovant and indulge every reasonable inference and resolve any doubts in
favor of the nonmovant.  Nixon v. Mr.
Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985).








Effect of Lack of Notice Under Section 11.43(h)

The Texas Constitution expressly allows the
legislature to bestow exclusive original jurisdiction on administrative
bodies.  See TEX. CONST. art. V, ' 8. 
In Cameron Appraisal District v. Rourk, No. 04-0359, 2006 WL
1506255 (Tex. June 2, 2006), the supreme court stated that the legislature
intended to bestow exclusive original jurisdiction in ad valorem tax cases on
the appraisal review boards.  Because the
Texas Tax Code provides detailed administrative procedures for contesting
property taxes,[2]
the supreme court pointed out that it has repeatedly held that Aa taxpayer=s
failure to pursue an appraisal review board proceeding deprives the courts of
jurisdiction to decide most matters relating to ad valorem taxes.@ 
Id. 

In this case, however, the focus is not on the
district court=s
jurisdiction but on whether the appraisal district, HCAD, ever acquired the
original jurisdiction that the legislature bestowed upon it.  Pasadena Property has defined the issue:

Does
Tex. Tax Code ' 11.43(h) create a jurisdictional
requirement on the part of HCAD to notice the removal of a pollution control
property exemption and, if so, does failure to provide a taxpayer notice of the
removal render the act void?

 

Under the facts of this case, we hold that HCAD
had jurisdiction for the chief appraiser to cancel the pollution
exemption.  The question is the effect of
the chief appraiser=s failure
to send notice of his cancellation to Pasadena Property.

Viewing the issue as one of due process, HCAD=s argument implicitly assumes that it
had jurisdiction to cancel the exemption. 
Citing Gruy v. Jim Hogg County Appraisal District, 715 S.W.2d
170, 172 (Tex. App.CTexarkana
1986, no writ), HCAD argues that Pasadena Property waived its claim of lack of
notice under Section 11.43(h) by filing its Section 41.41(9) protest and
voluntarily appearing before the appraisal review board.  According to HCAD, Pasadena Property was
afforded due process when it contested the removal of the exemption before the
appraisal review board in a hearing where it obtained a ruling.  Dallas County Appraisal Dist. v. Lal,
701 S.W.2d 44, 47 (Tex. App.CDallas
1985, writ ref=d
n.r.e.).  HCAD concedes that Pasadena
Property exhausted its administrative remedy with the appraisal review board
and that the district court had subject matter jurisdiction of its appeal.








Citing Fina Oil and Chemical Co. v. Port Neches
I.S.D., 861 S.W.2d 3 (Tex. App.C
Beaumont 1993, writ den=d),
Pasadena Property argues that the lack of notice was not waived by its
appearance before the appraisal board and that, under Inwood Dad=s Club, Inc. v. Aldine I.S.D., 882
S.W.2d 532, 538 (Tex. App.CHouston
[1st Dist.] 1994, no writ), and Garza v. Block Distributing Co., 696
S.W.2d 259 (Tex. App.CSan
Antonio 1985, no writ), the HCAD chief appraiser=s
removal of the pollution control exemption without the required Section
11.43(h) notice was a void act.  Pasadena
Property maintains that HCAD did not acquire jurisdiction or authority to
remove the Section 11.31 exemption because its chief appraiser failed to
provide the notice required by Section 11.43(h).

In Fina Oil and Chemical Co., the chief
appraiser failed to deliver the required Section 11.43(h) notice to Fina after
he cancelled Fina=s
property tax abatement.  The court held
that Fina was not barred from prosecuting a suit in the district court against
the taxing unit that had executed the tax abatement agreement; Fina did not
have to exhaust its administrative remedy. 
The opinion notes that the taxing authority argued that Fina should have
exhausted the administrative procedures with the appraisal review board before
filing suit.  Fina had received, but not
protested, a notice of appraised value for property taxes which included the
value or amount of the abatement exemption granted to Fina but did not identify
the property covered by the exemption. Fina Oil, 861 S.W.2d at 5
n.2.  It is not clear from the opinion
whether that notice apprised Fina that the taxing authority had withdrawn the
tax abatement exemption, as opposed to the tax bill sent to Pasadena Property
in our case.








The Houston Court of Appeals in ABT Galveston,
137 S.W.3d at 156, noted that the Fina court did not address
Section 41.44(c) (or any other statutory provision) concerning the timeliness
of a property owner=s protest
in the absence of the required Section 11.43(h) notice; and the Houston Court
declined to follow its reasoning.  We
also decline to follow the reasoning in Fina.  A taxpayer cannot elect to do nothing
when confronted with a notice or a tax bill that the taxpayer believes to be
erroneous (e.g., cancellation of an exemption), and then file suit in the
district court; that would defeat the entire tax scheme the Tax Code provides
for protesting and appealing actions of the taxing authorities.  MAG-T, L.P. v. Travis Cent. Appraisal
Dist., 161 S.W.3d 617, 632 (Tex. App.CAustin
2005, pet. denied).[3]  In this case, Pasadena Property followed the
Tax Code administrative procedures and obtained a ruling by the appraisal
review board.

We hold that a chief appraiser=s failure to provide the notice to a
taxpayer required by Section 11.43(h) makes his cancellation of the Section
11.31 ad valorem exemption voidable, not void, because a taxpayer must be
afforded an opportunity to protest the cancellation.  The collection of a tax constitutes a
deprivation of property; therefore, a taxing unit must afford a taxpayer due
process by giving notice to the taxpayer and a fair opportunity to be heard
before that deprivation occurs.  MAG-T,
L.P., 161 S.W.3d at 629.

The lack of notice did not make the chief
appraiser=s
cancellation a void act.  Id. at
630.  Notice is a procedural requirement
that does not affect the appraisal district=s
jurisdiction. Denton Central Appraisal Dist., 115 S.W.3d at 265.  If the cancellation were a void act, then
judgments in tax proceedings would be subject to collateral attack years
later.  See Hubenak v. San Jacinto Gas
Transmission Co., 141 S.W.3d 172, 182 (Tex. 2004).  We disagree with the statements in Inwood
Dad=s Club,
Inc. and in Garza that removal of an exemption by an appraisal
district without notice to the property owner is a void act.  We also note that the events in Garza
occurred before the enactment of Section 41.411, which gives a property owner
the right to protest formally the failure of a taxing authority to deliver any
notice Ato which
the property owner is entitled.@  Pasadena Property waived its claim of lack of
notice under Section 11.43(h) by filing its protest of the loss of the
exemption pursuant to Section 41.41(9) and voluntarily appearing before the
appraisal review board.  Gruy, 715
S.W.2d at 172.








This case is analagous to Hubenak.  Tex.
Prop. Code Ann. '
21.012(a) (Vernon 2004) provides that a condemning authority Amay begin a condemnation proceeding@ if it is Aunable
to agree with the owner of the property on the amount of damages.@ 
Tex. Prop. Code Ann. ' 21.012(b) (Vernon 2004) also states
that a petition commencing a condemnation proceeding Amust@ state that the entity and the property
owner are unable to agree on the damages. 
The supreme court reviewed  the
cases concerning the Aunable
to agree@
requirement of Section 21.012(a) of the Texas Property Code, noting that a
number of the courts of appeals had held or said in dicta that the Aunable to agree@
provision was jurisdictional or that failure to comply with the requirement
rendered the condemnation proceeding void. 
The supreme court also noted that other decisions of the supreme court
were inconsistent with the proposition that compliance with the Aunable to agree@
provision was necessary to bestow subject matter jurisdiction   The supreme court concluded that the
statutory requirement of Aunable
to agree@ was
mandatory, but failure to satisfy it does not deprive courts of subject matter
jurisdiction. Hubenak, 141 S.W.3d at 180.  A landowner can waive any right to complain
that there was no effort to agree. Hubenak, 141 S.W.3d at 181.[4]


Likewise, we conclude that the notice requirement
of Section 11.43(h) of the Tax Code is mandatory, but failure to satisfy it
does not deprive courts of subject matter jurisdiction.  The key issue is whether a taxpayer is
afforded due process so that the taxpayer has an opportunity to protest a
cancellation of its ad valorem exemption. 
If a taxpayer is given an opportunity to be heard before an appraisal
board at some state of the proceedings, then the requirements of due process
are satisfied.  Denton Cent. Appraisal
Dist., 115 S.W.3d at 266. Pasadena Property was given that
opportunity.  HCAD=s
second issue is sustained.

The Section 11.31 Exemption

Although HCAD agrees that Pasadena Property
exhausted its administrative remedy and that the district court below had
subject matter jurisdiction over Pasadena Property=s
appeal, HCAD disagrees that Pasadena Property was entitled to a summary
judgment declaring that Pasadena Property was entitled to the Section 11.31
exemption as a matter of law.








In its third issue, HCAD argues that Pasadena
Property had the burden to show that there existed no genuine issue of material
fact and that it was entitled to the Section 11.31 exemption as a matter of
law.  Nixon, 690 S.W.2d at
548.  HCAD points out that Pasadena
Property offered no summary judgment evidence to conclusively show that its
property was used wholly or partly as a facility, device, or method for the
control of air, water, or land pollution. 
Section 11.31(a).  We agree.  We note that Pasadena Property did not
attempt to answer this contention of HCAD. 
HCAD=s third
issue is sustained.  Because the trial
court=s summary
judgment was based only on the two grounds, HCAD=s
first issue is sustained.  

Refund of the Property Taxes

In its final issue, HCAD argues that the trial
court erred in ordering HCAD to make a tax refund because there was no evidence
that Pasadena Property paid any taxes for 2004 to HCAD and because HCAD does
not assess or collect taxes.  Pasadena
Property did not address this issue.  HCAD=s fourth issue is sustained.

This Court=s
Ruling

The summary judgment of the trial court is
reversed, and the cause is remanded for a trial on the merits to determine
whether Pasadena Property is entitled to retain the Section 11.31 exemption. 

 

TERRY McCALL

JUSTICE

 

June 15, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]While we agree with the holding in General Electric
Corp., we disagree with the court=s
statement that, A[i]n the absence of notice to G.E., the Board never
acquired jurisdiction to consider any increase in the value of G.E.=s property. . . . [T]hat increase was a void act.@  819 S.W.2d at
920.





[2]Tex. Tax Code Ann. '' 41.04-.71 (Vernon 2001 & Supp. 2005).





[3]MAG-T, L.P.
has a thorough discussion of the Tax Code provisions and related cases.





[4]If a landowner timely objects that the Aunable to agree@
requirement has not been met, the statute=s goal B avoidance of protracted litigation B can be accomplished by the proceeding being abated
until the requirement that the parties Aare
unable to agree@ has been satisfied. 
Hubenak, 141 S.W.3d at 184.