

## NUMBER 13-07-666-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

GUS T. CANALES, AS INDEPENDENT                                    **Appellant**
EXECUTOR OF THE ESTATE OF
GUSTAVO CANALES, DECEASED

**v.**

KLEBERG COUNTY APPRAISAL DISTRICT
AND KLEBERG COUNTY APPRAISAL
REVIEW BOARD,                                                    **Appellees.**

### On appeal from the 105th District Court
### of Kleberg County, Texas

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza and Vela
### Memorandum Opinion by Justice Vela

This is a declaratory judgment action in a property tax case.  Appellant, Gus T.

Canales, as independent executor of the Estate of Gustavo Canales, deceased, appeals from the trial court's order granting Kleberg County Appraisal District (appellee or "the District") and Kleberg County Appraisal Review Board's (appellee or "the Board") motion to dismiss for want of jurisdiction. By two issues, appellant contends that the district court erred in granting appellees' motion to dismiss because appellant properly exhausted the administrative process required by the Texas Tax Code prior to seeking judicial review, thereby preserving the district court's jurisdiction to hear the appeal. We affirm.

## I. Factual Background

Gustavo Canales ("Gustavo") died testate on December 15, 1976. At the time of his death, Canales owned four tracts of land which are the subject of this appeal. An application for probate of Gustavo's will was filed the same month as his death, and on December 27, 1976, his will was admitted to probate.

On December 28, 2000, the Kleberg County Title Company filed a copy of Gustavo's will and probate documents in the official real estate records of the Kleberg County Court in connection with a separate, unrelated real estate transaction. At that time, the property was still listed in the name of Gustavo's estate and was receiving agricultural use valuation pursuant to section 23.51 of the Texas Tax Code. *See* TEX. TAX CODE ANN. § 23.51(2) (Vernon 2008). On March 31, 2001, following the discovery of Gustavo's probated will on file, the District changed the ownership in the tax records from the Estate of Gustavo Canales to Bebe C. Jakley, Mary C. Jary and Gus T. Canales, the individual devisees named in Gustavo's will.

On April 4, 2001, the District notified the devisees that the agricultural use valuation was being removed, effective January 1, 2002. In the same notice, the District explained

2

to the devisees that they could protest the removal of the agricultural use valuation or the change in the property listing via a formal protest to the Board. On January 1, 2002, the District removed the agricultural use valuation on the subject property. The District delivered notice of the appraisal value to the devisees in June of 2002, which indicated the property was not receiving agricultural use valuation for tax year 2002.

Appellant first filed a protest in 2003. The Board heard and denied appellant's protest of the District's 2003 appraisal on July 9, 2003. On August 20, 2003, appellant filed a declaratory judgment action complaining of the District's incorrect listing of ownership and its removal of the agricultural use valuation for the property for tax year 2002. On August 20, 2004, appellant amended his petition to include a similar request for relief for tax years 2003 and 2004. The district court granted appellees' motion to dismiss for want of jurisdiction. This appeal followed.

## II. Standard of Review

Whether a trial court has subject matter jurisdiction is a question of law subject to de novo review. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. A&M Univ., Corpus Christi v. Vanzante*, 159 S.W.3d 791, 794 (Tex. App.–Corpus Christi 2005, no pet.). An appellate court is allowed to consider evidence pertinent to a jurisdictional inquiry. *Vanzante*, 159 S.W.3d at 794 (citing *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002)). If the evidence creates a fact question regarding the jurisdictional issue, the trial court must deny the plea to the jurisdiction and submit the issue to the fact finder. *Miranda*, 133 S.W.3d at 227-28. Conversely, if the evidence is undisputed or fails to raise a fact question on the

3

jurisdictional issue, the trial court should rule on the plea to the jurisdiction as a matter of law. *Id*. at 228.

### III. Legal Background

The Texas Constitution expressly provides that the legislature may bestow exclusive original jurisdiction on administrative bodies. *See* TEX. CONST. art. V, § 8. The legislature clearly intended to bestow exclusive original jurisdiction in ad valorem tax matters on appraisal review boards. *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006). A property owner's failure to pursue an appraisal review board proceeding deprives the district court of jurisdiction. *Id*. A taxpayer cannot be idle when confronted with notice or a tax bill that the taxpayer believes to be wrong. *Harris County Appraisal Dist. v. Pasadena Prop., L.P.*, 197 S.W.3d 402, 406 (Tex. App.–Eastland 2006, pet denied). Otherwise, the tax scheme that the tax code provides for protesting and appealing actions taken by taxing authorities would be subverted. *Id*. Because the tax code provides detailed administrative procedures for contesting property taxes, "a taxpayer's failure to pursue an appraisal review boards proceeding deprives the courts of jurisdiction." *Rourk*, 194 S.W.3d at 502.

The first step the taxpayer must take in the administrative process is to file a notice of protest within thirty days of the appraisal district's delivery of notice of the appraised value. TEX. TAX CODE ANN. § 41.44 (Vernon 2008). The taxpayer must then appear, either personally, by representative or by affidavit, at a protest hearing. *Id.* § 41.45; *See also Webb County Appraisal Dist. v. New Laredo Hotel, Inc.,* 792 S.W.2d 952, 955 (Tex. 1990). After the appraisal review board has issued an order based on the preceding hearing, the

4

taxpayer has forty-five days to file a petition protesting the Board's order in district court or the taxpayer loses its right to appeal for that tax year. TEX. TAX CODE ANN. § 42.21 (Vernon 2008); *Atascosa County Appraisal Dist. v. Tymrak*, 858 S.W.2d 335, 337 (Tex. 1993). The process must be followed for every year the taxpayer wishes to challenge a valuation because the completion of all administrative requirements affects only the appraised value of the property for that particular tax year. *Tymrak*, 858 S.W.2d at 337.

## IV. Tax Years 2003 and 2004

In response to appellant's first issue, appellees assert that appellant failed to follow all necessary administrative procedures to appeal the 2003 and 2004 tax year valuations to the district court. We agree. Turning first to tax year 2003, we note that appellant correctly filed a protest with the Board challenging the listing of the subject properties in their respective names, rather than in the estate's name because there had been no distribution pursuant to section 41.44 of the Texas Tax Code. *See* TEX. TAX. CODE ANN*.* at § 41.44. The Board heard the protest and issued its order determining that the subject properties were correctly listed in the names of the devisees as required by section 41.45 of the tax code. *See* § 41.45. On August 20, 2003, appellant filed a petition for declaratory relief that was filed within the forty-five day window required by section 42.41 of the tax code. *Id.* at § 42.41. However, the original petition failed to complain about the Board's 2003 order, instead focusing on tax year 2002.[1]

---

[1]For example, the attachments filed with the original petition were tax statements from 2002. When asking for a correction in the property listing to be made, appellant referenced only the 2002 tax records. Additionally, in his request concerning the removal of the agricultural use valuation, appellant once again focused solely on tax year 2002. In fact, nowhere in the original petition did appellant seek relief from the Board's 2003 order or reference the District's 2003 valuation.

5

Appellant only sought relief from the 2003 order when he filed an amended petition on August 20, 2004. However, this date was more than a year after the July 9, 2003, issuance of the Board's order pertaining to the 2003 valuation. As such, the petition was outside of the forty-five day window required by section 42.41, and appellant thus failed to exhaust its administrative remedies and preserve its right to appeal the order. Therefore, the district court correctly dismissed appellant's appeal of tax year 2003 for want of jurisdiction.

The court also properly dismissed appellant's petition for tax year 2004. Evidence introduced in the form of an affidavit by Ernestina Flores, the chief appraiser of the District, indicates that the devisees filed a protest with the Board for tax year 2004 pursuant to section 41.44 of the tax code. *See id.* § 41.44. She averred that the Board heard the protest and issued its order determining the properties were correctly listed for that year as required by sections 41.45 and 42.41 of the tax code. *See id*. §§ 41.45, 42.41. However, the record does not reflect the date that the Board issued its order concerning tax year 2004. Without such proof, we cannot say that the district court erred in dismissing the claim.

### V. Tax Year 2002

Appellant asserts that it is entitled to judicial review of tax year 2002 because the estate complied with the administrative procedures outlined in section 25.25 of the tax code. *See id.* § 25.25 (Vernon 2008). Under section 25.25, the appraisal review board, on motion from a property owner, may direct, by written order, changes in the appraisal roll for any of the five preceding years to correct clerical errors affecting a property owner's

liability for a tax imposed in that tax year. TEX. TAX CODE ANN. § 25.25(c)(1) (Vernon 2008). If the property owner and chief appraiser do not agree on the correction sought before the 15th day after the date the motion is filed, the property owner is entitled to a hearing and a determination of the motion by the Board, where the party bringing the motion "must describe the error or errors that the motion is seeking to correct." *Id.* § 25.25(e). Within forty-five days of receiving notice of the appraisal review board's determination of a motion under this section, either the property owner or the chief appraiser may file suit to compel the Board to order a change in the roll. *Id*. § 25.25(g).

In the instant case, appellant did not file a proper motion before the appraisal review board. Because no motion was filed with the Board seeking correction of the appraisal roll for tax year 2002, no hearing could be held; therefore, there was no determination of appellant's motion from which he could appeal. Appellant has thus failed to timely exhaust administrative remedies under chapter 25 of the tax code for tax year 2002. Accordingly, we overrule appellant's issues.

## VI. Conclusion

We affirm the judgment of the district court.


ROSE VELA
Justice

Memorandum Opinion delivered and
filed this 14th day of August, 2008.

7