ATASCOSA COUNTY APPRAISAL DIS-
TRICT and Atascosa County Appraisal
Review Board, Petitioners,

v.

Joseph J. TYMRAK, Jourdine E.
Tymrak, Steve Jaksik and Judith
Tymrak Jaksik, Respondents.

No. D–1804.

Supreme Court of Texas.

Feb. 10, 1993.

Rehearing Overruled Sept. 10, 1993.

Peter W. Low, Russell R. Graham, Debo-
rah S. Cartwright, Austin, for petitioners.

W. James Kronzer, Jr., Houston, Peter J.
Stanton, San Antonio, for respondents.

OPINION

HIGHTOWER, Justice.

This case presents the question whether, in a property tax case involving multiple year appeals, section 42.29 of the Texas Tax Code [1] authorizes the award of attorney's fees for each tax year's appeal. The trial court determined that each tax year constituted a separate "appeal" under section 42.29 and awarded the taxpayers [2] attorney's fees for four appeals. The court of appeals affirmed. 815 S.W.2d 364. We hold that section 42.29 authorizes the award of reasonable attorney's fees for each tax year's appeal. Consequently, we affirm the judgment of the court of appeals.

The taxpayers challenge the valuation placed on six tracts of land by the Atascosa County Appraisal District and Atascosa County Appraisal Review Board ("Atascosa County"). This case began when the taxpayers filed suit in the trial court to challenge the valuation placed on their property for 1987. The next year, while the 1987 case was pending, the taxpayers filed a separate appeal to challenge the valuation placed on their property for 1988. In re-

---

1. At all times relevant to this lawsuit, section 42.29 of the Texas Tax Code provided that "[a] taxpayer who prevails in an appeal to the court under Section 42.25 [excessive appraisal] or Section 42.26 [unequal appraisal] of this code may be awarded reasonable attorney's fees not to exceed the greater of $5,000 or 20 percent of the total amount of taxes in dispute." Tex.Tax Code § 42.29 (amended 1991).

Effective September 1, 1991, section 42.29 was amended to increase the maximum attorney's fees recoverable to "the greater of $15,000 or 20 percent of the total amount by which the property owner's tax liability is reduced as a result

of the appeal. The award of attorney's fees, however, may not exceed the total amount by which the property owner's tax liability is reduced as a result of the appeal." Tex.Tax Code § 42.29 (Vernon 1992). The version of section 42.29 at issue in this case affects only lawsuits filed before September 1, 1991, the effective date of the amendments. Act of June 16, 1991, 72nd Leg., R.S., ch. 836, §§ 4.2–4.3, 1991 Tex. Gen. Laws 2890, 2893.

2. The taxpayers are Joseph J. Tymrak, Jourdine E. Tymrak, Steve Jaksik and Judith Tymrak Jaksik.

sponse to a motion by Atascosa County, the trial court consolidated the two cases. The taxpayers subsequently amended their petition to include the 1989 and 1990 tax years. Therefore, the case before us involves four tax years.

Following lengthy pretrial proceedings, the parties settled the valuation issue. The parties agreed on a value that was lower than the valuation that the district had originally set. The lower valuation resulted in a tax savings of about $1,000 each year to the taxpayers. Although the parties settled the valuation issue, they left open the issue of attorney's fees for resolution by the trial court.

The trial court determined that each tax year constituted a separate "appeal" under section 42.29; therefore, the taxpayers could recover attorney's fees for four appeals. The trial court found that the taxpayers had incurred reasonable attorney's fees in the amount of $22,298.59, or $5,754.65 per appeal. Since section 42.29 placed a cap of $5,000 per appeal on the award of attorney's fees, the trial court awarded the taxpayers $20,000 ($5,000 × 4 separate tax year appeals). The court of appeals affirmed the trial court's judgment.

### I.

Atascosa County argues that the taxpayers are limited to recovering only $5,000 in attorney's fees under section 42.29 because this dispute involves only one "appeal." We disagree.

In determining the meaning of the term "appeal," we start by looking at the Tax Code itself. Through the enactment of chapter 42 of the Tax Code, the legislature has provided a means for taxpayers to judicially challenge the appraisal of their property for property tax purposes by appealing that particular tax year's appraisal to the trial court. Section 42.29 authorizes the award of attorney's fees in an "appeal" to the trial court from an appraisal review board order determining the taxpayer's protest of the valuation placed on the taxpayer's property. *See* Tex.Tax Code § 42.-01. An appraisal review board order is

issued only after the culmination of the annual administrative process a taxpayer must complete before it may petition a trial court for redress of the overvaluation of its property for that year. *Dallas County Appraisal Dist. v. Lal*, 701 S.W.2d 44, 46 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

The annual administrative process begins on January 1 of the tax year, the date on which taxable property is appraised for purposes of listing in the appraisal records. The Tax Code provides that the appraisal district list property and its appraised value reflecting the market value as of January 1 of the tax year. Tex.Tax Code § 23.01. Before a taxpayer may obtain an appraisal review board order for which an appeal of that particular tax year's appraisal may be taken to the trial court, the taxpayer must file a notice of protest within 30 days of the appraisal district's delivery of notice of the appraised value. Tex.Tax Code § 41.44. The taxpayer must appear, either personally, by representative or by affidavit, at a protest hearing. *Id.* at § 41.45; *Webb County Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 955 (Tex.1990). After completing these steps within the prescribed time limits, the taxpayer must file its petition in the trial court within 45 days of receipt of the appraisal review board's order or lose its right to appeal to the trial court. Tex.Tax Code § 42.21. A taxpayer must follow all these procedures and complete each separate step within the prescribed time period before the taxpayer can petition the courts for redress of the taxing authorities' valuation of the property for that particular tax year.

The appraisal district delivers notice of appraised value to the taxpayer in the first few months of each year. *See* Tex.Tax Code § 25.19 (providing that the chief appraiser shall deliver notice of the appraised value "[b]y May 15 or as soon thereafter as practicable"). The protest hearings generally occur during the summer. *See* Tex. Tax Code § 41.12 (providing that the appraisal review board must substantially complete all protests and approve the appraisal records by July 20). The appraisal review board's orders are usually delivered

during the late summer and early fall. Therefore, taxpayer appeals are normally filed in the trial court in the last few months of the calendar year. *See* Tex.Tax Code § 42.21 (providing that a taxpayer must file its petition in the trial court within 45 days of receiving notice of the appraisal review board's order determining its protest).

### II.

Since taxpayer appeals are usually filed at the end of the year, most cases are still pending when the appraisal district delivers notices of appraised value for the next tax year. At that time, the taxpayer makes the decision whether to begin the task of exhausting its administrative remedies in order to correct an improper appraisal of its property for that tax year. The taxpayer must complete these steps for each year that it desires to challenge the valuation because the completion of all the administrative requirements, the filing of a timely petition in the trial court, and the prosecution of the lawsuit to its final disposition affects only the appraised value of the property for that one tax year. Unless a property owner repeats this almost year-long administrative process and files another petition in a separate lawsuit or files an amended petition in a pending lawsuit filed appealing from an appraisal review board order issued in a previous year, the taxpayer loses its right to litigate the appraised value for the subsequent year, even when a lawsuit challenging the appraised value of the same property for a previous year is pending. Tex.Tax Code § 42.21(c).

Since a taxpayer's appeal is an appeal of an appraisal review board's order determining the taxpayer's protest of the district's valuation of its property for that particular tax year, Tex. Tax Code § 42.01, and because the Tax Code and the constitution mandate that property shall be appraised at its market value as of January 1 of each tax year, Tex. Const. art. VIII, § 20; Tex. Tax Code § 23.01, it is clear that an "appeal" concerns the current tax year only. An "appeal" for purposes of section 42.29 concerns only one tax year. The taxpayer must pursue the annual administrative pro-

cess for each tax year that he wants to appeal to the trial court. Consequently, we conclude that section 42.29 authorizes the award of attorney's fees for each tax year at issue in a multiple-year property tax case.

Accordingly, we affirm the judgment of the court of appeals.