HENDERSON COUNTY APPRAISAL
DISTRICT et al., Appellants,

v.

HL FARM CORPORATION, Appellee.

No. 11–96–318–CV.

Court of Appeals of Texas,
Eastland.

Oct. 23, 1997.

Kirk Swinney, McCreary, Veselka, Bragg, & Allen, Austin, for appellants.

Harold R. McKeever, Payne & Blanchard, Dallas, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

## OPINION

ARNOT, Chief Justice.

This is an appeal from the district court's ruling granting open-space designation to land owned by HL Farm Corporation during the years from 1988 through 1993. The trial court determined that HL Farm was entitled to a refund of excess ad valorem taxes paid during those years. Henderson County Appraisal District, the chief appraiser (Bill Jackson), and the Henderson County Appraisal Review Board (Ervin Anderson, Chairman) appeal. We affirm in part, and we reverse and render in part.

HL Farm originally filed suit in 1988 after its application for open-space land designation was denied. The lawsuit challenged the validity of TEX. PROP. TAX CODE ANN. § 23.56(3) (Vernon 1992). The trial court entered a summary judgment against HL Farm, and HL Farm appealed. While this case was on appeal, the supreme court in *HL Farm Corporation v. Self*, 877 S.W.2d 288 (Tex.1994), held that Section 23.56(3) was unconstitutional. Accordingly, the Tyler Court of Appeals reversed the summary judgment in this case and remanded the cause for further proceedings. *HL Farm Corp. v. Henderson County Appraisal District*, 894 S.W.2d 830 (Tex.App.—Tyler 1995, no writt). On remand, the trial court entered the judgment that is at issue in this appeal.

In the first issue on appeal, appellants contend that the trial court erred in finding that HL Farm was entitled to an open-space land designation for the years 1989 through 1993. Under this issue, appellants specifically complain that HL Farm failed to follow the required administrative and judicial procedures for the years 1989 through 1993.

Taxable property is appraised each year at its market value on January 1. TEX. PROP. TAX CODE ANN. § 23.01 (Vernon 1992). Anyone claiming that his property is eligible for appraisal as open-space land must timely file an application with the chief appraiser. TEX. PROP. TAX CODE ANN. §§ 23.51, 23.54 (Vernon 1992 & Supp. 1997). If that application is denied, the property owner is entitled to protest and is entitled to a hearing and a determination of the protest by timely filing written notice of the protest with the appraisal review board. TEX. PROP. TAX CODE ANN. §§ 41.41(5), 41.44 (Vernon 1992). The property owner is entitled to appeal the order of the appraisal review board by filing a petition for review with the district court within 45 days after receiving notice of the board's order. TEX. PROP. TAX CODE ANN. §§ 42.01(1), 42.21(a) (Vernon 1992). Under Section 42.21(a), an appeal is barred if the petition is not timely filed.

The procedures for appealing subsequent orders are provided in TEX. PROP. TAX CODE ANN. § 42.21(c) (Vernon 1992), which states:

> If an appeal under this chapter is pending when the appraisal review board issues an order· in a subsequent year under a protest by the same property owner and that protest relates to the same property that is involved in the pending appeal, the property ·owner may appeal the subsequent appraisal review board order by amending the original petition for the pending appeal to include the grounds for appealing the subsequent order. The amended petition must be filed with the court in the period provided by Subsection (a) for filing a petition for review of the subsequent order. A property owner may appeal the subsequent appraisal review board order under this subsection or may appeal the order independently of the pending appeal as otherwise provided by this section, but may not do both.

The parties stipulated that HL Farm followed the administrative procedures outlined in Sections 23.54 and 41.44 for applying for open-space land designation and for protesting the denial of that application in 1988, 1989, and 1992. In each of these years, the Appraisal District denied the applications on the basis of Section 23.56(3), and the Appraisal Review Board held a hearing and determined that the appraisals were correct and should not be changed. HL Farm did not file an application for open-space designation or a protest in 1990, 1991, or 1993. In 1988, HL Farm properly perfected an appeal to the district court pursuant to Sections 42.01(1) and 42.21(a). In its 1988 petition, HL Farm requested relief "for the years 1988 and all subsequent years." When the case was remanded to the trial court in 1995, HL Farm amended its petition to specifically include the years "1988 through 1993."

Appellants rely on Section 42.21(c) and on *Atascosa County Appraisal District v. Tymrak*, 858 S.W.2d 335 (Tex.1993), in support of their argument. In *Tymrak*, the supreme court held that TEX. PROP. TAX CODE ANN. § 42.29 (Vernon 1992) authorizes the award of attorney's fees for each tax year at issue in a multiple-year property tax case. In reaching this conclusion, the court determined that an "appeal" under Section 42.01(1) concerns the current tax year only and that:

> The taxpayer must complete these steps [exhausting the administrative remedies] for each year that it desires to challenge the valuation because the completion of all the administrative requirements, the filing of a timely petition in the trial court, and the prosecution of the lawsuit to its final disposition affects only the appraised value of the property for that one tax year. Unless a property owner repeats this almost year-long administrative process and files another petition in a separate lawsuit or files an amended petition in a pending lawsuit filed appealing from an appraisal review board order issued in a previous year, the taxpayer loses its right to litigate the appraised value for the subsequent year, even when a lawsuit challenging the appraised value of the same property for a previous year is pending. Tex. Tax Code § 42.21(c).

Appellee relies on *Harris County Appraisal District v. Bradford Realty, Ltd.*, 919 S.W.2d 131 (Tex.App.—Houston [14th Dist.] 1994, no writ). In *Bradford*, the court of appeals determined that Bradford Realty's exhaustion of administrative remedies in 1987 together with the amendment of its petition in 1988 and 1989 were sufficient to put the appraisal district on notice of the protest. The court held that Bradford Realty was not required to repeat the administrative application and protest process in 1988 and 1989. The court in *Bradford* distinguished *Tymrak* because the issue in that case was attorney's fees.

■ We respectfully disagree with the court's opinion in *Bradford*. Although the issue in *Tymrak* was the award of attorney's fees, the supreme court clearly outlined the steps that must be followed in order to challenge an appraisal for subsequent years. The *Tymrak* decision cited both Sections 42.01(1) and 42.21(c) as support for its decision. The court in *Bradford*, however, relied on *Estepp v. Miller*, 731 S.W.2d 677 (Tex. App.—Austin 1987, writ ref'd n.r.e.), which

was decided prior to the enactment of Section 42.21(c). Furthermore, TEX. PROP. TAX CODE ANN. § 42.09 (Vernon 1992) provides that the "procedures prescribed by this title [TEX. PROP. TAX CODE ANN. §§ 1–43 (Vernon 1992 & Supp. 1997)] for adjudication of the grounds of protest authorized by this title are exclusive." Failure to follow these procedures deprives the trial court of jurisdiction. *Gregg County Appraisal District v. Laidlaw Waste Systems, Inc.*, 907 S.W.2d 12 (Tex.App.—Tyler 1995, writ den'd).

. We hold that HL Farm was required to exhaust its administrative remedies for each year at issue in this appeal and that the trial court did not have jurisdiction to consider the issue of HL Farm's entitlement to open-space land designation in 1990, 1991, and 1993. Since HL Farm exhausted its administrative remedies in 1988, 1989, and 1992 and since the original petition requested relief for "1988 and all subsequent years," we hold that the trial court did not err in finding that HL Farm was entitled to open-space land designation in 1989 and 1992. The first issue on appeal is sustained as to 1990, 1991, and 1993 and overruled as to 1989 and 1992.

In the second issue, appellants argue that the trial court erred in admitting evidence concerning the use of the property for any year other than 1988 because that was the only year properly before the trial court. Because HL Farm followed the prerequisite procedures in 1989 and 1992, evidence concerning use of the land subsequent to 1988 was properly admitted. The second issue on appeal is overruled.

In the third issue, appellants contend that the trial court erred in refusing to admit testimony regarding the amount of the refund that would be due to HL Farm from Kaufman County if HL Farm's land in Kaufman County were entitled to open-space designation for 1982 through 1993. Appellants assert that this evidence was relevant to the trial court's determination concerning retroactive application of the holding in HL Farm Corporation v. Self, supra. We hold that the trial court did not abuse its discretion in refusing to admit the testimony. The testimony related to the amount of a possible refund from another county. Furthermore, there was nothing in the record to show that HL Farm qualified for a refund every year from 1982 through 1993. The third issue on appeal is overruled.

In the fourth issue, appellants argue that the trial court erred by retroactively applying the holding of *HL Farm Corporation v. Self, supra.* Judicial decisions generally apply retroactively; however, in some circumstances where state taxes have been invalidated, courts have refused to grant refunds or apply the decisions retroactively. *Carrollton–Farmers Branch Independent School District v. Edgewood Independent School District*, 826 S.W.2d 489, 515–516 (Tex.1992). Whether a court's ruling regarding state law applies retroactively or prospectively is a matter for the court to decide. *Carrollton–Farmers Branch Independent School District v. Edgewood Independent School District, supra* at 516. In *Edgewood,* the supreme court held an ad valorem tax unconstitutional, applied a three-part test to resolve the issue of whether to apply the holding retroactively, and explicitly determined that its decision was to apply prospectively only. In contrast, there is nothing in the supreme court's opinion in *Self* to indicate that the court intended its decision to apply prospectively only. Furthermore, contrary to appellants' contention, the retroactive application of the decision in *Self* would not produce substantial inequitable results. See and compare *Carrollton–Farmers Branch Independent School District v. Edgewood Independent School District, supra.* Refunds for previously paid ad valorem taxes would be due only to taxpayers who have followed the administrative procedures and timely filed suit and only for the years that the administrative procedures were followed. The completion of these procedures puts appellants on notice of the potential liability to HL Farm. We overrule the fourth issue on appeal.

In their final issue, appellants assert that the supreme court's decision in *Self* is in error and that Section 23.56(3) is constitutional. As an intermediate court of appeals, we are bound by the supreme court's deci-

sion holding that Section 23.56(3) is unconstitutional. Consequently, the fifth issue on appeal is overruled.

The judgment of the trial court is affirmed in part and reversed and rendered in part. We affirm that part of the judgment relating to the years 1988, 1989, and 1992. We reverse that part of the judgment relating to the years 1990, 1991, and 1993; and we render judgment that HL Farm take nothing for 1990, 1991, and 1993.