# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00707-CV

**Travis Central Appraisal District, Appellant**

**v.**

**Wells Fargo Bank Minnesota, N.A., Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
## NO. D-1-GN-08-000025, HONORABLE GISELA D. TRIANA-DOYAL, JUDGE PRESIDING

## O P I N I O N

Appellant Travis Central Appraisal District ("TCAD") appeals a trial court order imposing $337,956 in sanctions against it for allegedly failing to comply with the court's prior summary-judgment order, which required TCAD to apply a pollution-control exemption to the ad valorem property valuation of property owned by Wells Fargo Bank Minnesota, N.A. ("Wells Fargo"). *See* Tex. Tax Code Ann. § 11.31 (West 2008) (providing tax exemption for real and personal property used for pollution control); *see also* Tex. Const. art. VIII, § 1-*l* (authorizing Legislature to enact ad valorem tax exemption for pollution-control property). We hold that the trial court lacked jurisdiction to impose sanctions for TCAD's alleged failure to properly apply the tax exemption for tax years 2008, 2009, and 2010 based on the prior summary-judgment order, which was rendered in connection with Wells Fargo's protest of the property's 2007 assessed value. We therefore vacate the trial court's order and dismiss the appeal for want of jurisdiction.

**FACTUAL AND PROCEDURAL BACKGROUND**

The trial court assessed monetary sanctions against TCAD for failing to comply with a summary-judgment order issued in July 2008 in the underlying case, which was a suit for judicial review of Wells Fargo's protest of the 2007 assessed value of property it owned that housed a residential apartment building. The property had formerly been used as a landfill, and Wells Fargo had claimed a partial pollution-control exemption based on a positive-use determination by the Texas Commission on Environmental Quality ("TCEQ"). *See* Tex. Tax Code Ann. § 11.31. TCAD interpreted the TCEQ's use determination to exempt only the portion of the land value attributable to storm-water retention ponds on the property that were identified by the TCEQ as having a "positive use" determination, but not to exempt any part of the improvement value of the apartment building, citing (1) the language used in the TCEQ's use determination of a "negative determination for the 594,208 sq. ft. of real estate which is being used to house a commercial apartment complex," and (2) a statutory exclusion making property used for residential purposes ineligible for the exemption.[1] *See id.* § 11.31(a) ("Property used for residential purposes . . . is ineligible for an exemption under this section."). After paying its 2007 taxes under protest, Wells Fargo appealed TCAD's determination to the Travis Appraisal Review Board, contending that the use determination

---

[1] The TCEQ's final determination as to the property stated as follows:

A positive use determination for 100% of the two stormwater retention ponds real estate (1,224 sf + 65,586 sf); continuous emission monitors; liners over landfill; semi-active gas extraction system; methane monitoring & control equipment; two stormwater containment ponds; sloping of concrete surfaces for leachate collection and removal; landfill final cover system; groundwater monitoring wells; fugitive emissions containment structures; and building for active gas extraction system. A negative determination for the 594,208 sq. ft. of real estate which is being used to house a commercial apartment complex.

also exempted the value of the first floor apartment units in which pollution control devices were installed. *See id.* § 41.41(a)(4) (West 2008). When the Board upheld TCAD's determination, Wells Fargo filed the underlying suit for judicial review.

While the matter was pending in the trial court, TCAD issued the 2008 notice of assessed value for Wells Fargo's property, which applied the exemption for the 2008 tax year in the same manner as it had for the 2007 tax year. However, Wells Fargo did not protest the 2008 assessment, did not pay the taxes for that year under protest, did not amend its petition to include the 2008 assessment, and did not independently file suit with regard to the 2008 assessment. *See id.* §§ 41.41 (right to protest), .411 (protest of failure to give notice), .44 (prescribing deadlines for filing notice of protest); 42.209 (remedies under tax code are taxpayer's exclusive remedies), .21 (prescribing procedures in suit for judicial review) (West 2008 & Supp. 2012). Shortly after the deadline for protesting the 2008 assessment had passed, the trial court granted Wells Fargo's motion for summary judgment in the pending action and ordered TCAD to apply the pollution-control use determination issued by the TCEQ in a manner consistent with Wells Fargo's interpretation. The summary-judgment order was not appealed and became final.

Interpreting the pollution-control use determination to exclude any part of the apartment complex building, TCAD continued, in the face of the summary-judgment order, to apply the exemption only to the portion of the property on which there were storm-water retention ponds. *See generally Travis Cent. Appraisal Dist. v. Wells Fargo Bank Minn., N.A.*, No. 03-09-00013-CV, 2010 WL 983924 (Tex. App.—Austin Mar. 19, 2010, no pet.) (mem. op.). Wells Fargo filed a motion for sanctions, contending that the TCEQ's use determination—and thus the pollution-control

3

exemption—also applied to the units on the first floor of the apartment building, that the trial court had necessarily so held in granting summary judgment in its favor, and that TCAD was not complying with the court's order to apply the pollution-control use determination the TCEQ issued. *Id.* at *3. The trial court granted Wells Fargo's motion and ordered that Wells Fargo recover as a sanction the portion of the ad valorem tax assessed on the first-floor units, which Wells Fargo had paid under protest for the 2007 tax year. *Id*.

TCAD appealed that sanctions order to this Court. We affirmed, holding that the trial court did not abuse its discretion in sanctioning TCAD for failing to comply with the summary-judgment order because by granting Wells Fargo's motion for summary judgment, it was sufficiently clear to TCAD that the summary-judgment order required TCAD to downwardly adjust the property-tax assessment for the 2007 tax year, and the evidence was undisputed that it had failed to do so. *Id.* at *5.

In the meantime, while the prior appeal was pending in this Court, TCAD issued the 2009 notice of assessed value for Wells Fargo's property, which applied the pollution-control exemption in essentially the same manner as the 2007 and 2008 tax years. Wells Fargo did not protest the 2009 assessment, did not pay the taxes under protest, did not amend its petition in the underlying lawsuit, and did not independently file suit against TCAD in regard to the 2009 assessment. After we issued our March 2010 opinion affirming the prior sanctions order, it is undisputed that TCAD applied the tax exemption to the first-floor apartments for the 2007 tax year. TCAD did not, however, retroactively revise the 2008 and 2009 tax assessments, for which no protest had been filed. TCAD similarly applied only a partial exemption in the 2010 notice of

4

assessed value, which was issued after we handed down our opinion. Wells Fargo did protest the 2010 assessed value but subsequently executed a settlement agreement with TCAD, withdrew its tax protest, and waived the right to any further proceedings related to the 2010 assessment.[2]

Although Wells Fargo had not protested the 2008 or 2009 assessed values and had settled its protest of the 2010 assessed value, Wells Fargo filed in the trial court a second motion for sanctions in which it claimed that TCAD had willfully failed to comply with the 2008 summary-judgment order and sought to recover the excess taxes and penalties it had paid for those three tax years. Wells Fargo asserted that the 2008 summary-judgment order required TCAD to apply the exemption and adjust the assessed value in all future tax periods, regardless of whether Wells Fargo had protested valuation in those years, because the tax code provides that once a taxpayer qualifies for the pollution-control exemption, the property owner need not claim it in subsequent years (subject to certain exceptions not asserted to be applicable in this case). *See* Tex. Tax Code Ann. § 11.43(c). Wells Fargo argued that, following the 2008 summary-judgment order, TCAD's implementation of the exemption to all prospective tax periods was a ministerial task, TCAD had no discretion in applying it, and TCAD had contumaciously failed to comply with the trial court's order requiring its application. *See id.* § 11.31(i) ("The chief appraiser shall accept a final determination by the executive director as conclusive evidence that the facility, device, or method is used wholly or partly as pollution control property.").

---

[2] Curiously, in the "reasons for your protest" section of Wells Fargo's notice of protest for the 2010 tax year, Wells Fargo checked the boxes for "value is over market value" and "value is unequal compared with other properties." Wells Fargo did not select the option on the protest form for "[e]xemption was denied, modified or cancelled."

5

TCAD opposed the sanctions motion, contending that the trial court lacked jurisdiction to impose sanctions for any tax year after 2007 because the summary-judgment order was silent as to subsequent tax years and because Wells Fargo had failed to utilize the exclusive remedies provided in the tax code for protesting the 2008 and 2009 tax-year assessments, had expressly waived its right to protest the 2010 assessment, and had not amended the petition in the underlying lawsuit to include any subsequent tax years. TCAD further asserted that it had not failed to apply the exemption but rather had applied it to part of the property based on a reasonable interpretation of the TCEQ's use determination.

The sanctions motion was tried on stipulated facts, and the trial court ruled that the 2008 summary-judgment order applied to tax years subsequent to 2007, observing that the order was not expressly limited to the 2007 tax period and stating that the tax code does not require a taxpayer to reapply for the pollution-control exemption once granted. *See id.* § 11.43(c). After hearing evidence from Wells Fargo regarding the extent to which it was denied the benefit of the pollution-control exemption in 2008, 2009, and 2010, the trial court granted the motion for sanctions and assessed $337,956 against TCAD. The amount of the sanctions award was based on the full amount Wells Fargo claimed to have overpaid for property taxes in 2008, 2009, and 2010, plus assessed penalties. The trial court further granted Wells Fargo attorney's fees in the event of appeal, but otherwise denied Wells Fargo's request for attorney's fees.

On appeal, TCAD reasserts its contention that the trial court lacked jurisdiction to impose sanctions for the 2008, 2009, and 2010 tax years. In the alternative, it contends that the trial

6

court abused its discretion in imposing sanctions because TCAD did not act in bad faith and because the amount awarded was excessive.

**DISCUSSION**

The trial court signed the second sanctions order almost sixteen months after this Court's mandate was issued in the earlier appeal. Thus, unless the 2008 summary-judgment order applied to tax years beyond 2007, TCAD's actions as to subsequent tax years were outside the scope of the 2008 summary-judgment order and would not support the trial court's second sanctions order. Accordingly, the critical jurisdictional inquiry in this case is the proper scope of the 2008 summary-judgment order. For the reasons that follow, we hold that the trial court's construction of the underlying summary-judgment order as applying to assessments in tax years subsequent to 2007 is inconsistent with the scope of Wells Fargo's petition, the statutory provisions concerning exhaustion of administrative remedies, and relevant case law.

When Wells Fargo filed the underlying suit for judicial review, its petition was limited to a complaint about the assessment for tax year 2007. The petition did not reference subsequent tax years specifically or generally. In granting the second sanctions order, however, the trial court construed the 2008 summary-judgment order as applying to subsequent tax years, apparently based on the following two facts: (1) the summary-judgment order did not include language expressly limiting its scope to the 2007 tax period, and (2) the tax code states that a taxpayer need only apply for the pollution-control exemption once and need not claim it in subsequent years unless the property's use or ownership changes. *See id.* § 11.43(c). We conclude that the trial court's determination ignores the limited scope of Wells Fargo's petition and is contrary

7

to case law establishing that courts lack jurisdiction to adjudicate disputed tax assessments for tax years not included in a petition requesting relief as well as those for which administrative remedies were not exhausted.

In *Atascosa County Appraisal District v. Tymrak*, 858 S.W.2d 335 (Tex. 1993), the Texas Supreme Court outlined in detail the steps that must be followed to challenge an assessment for subsequent years. *Id.* at 336-37. To challenge any assessment, a taxpayer must timely file a notice of protest and appear (personally, by affidavit, or by representative) at a protest hearing. *Id.* at 336; *see also* Tex. Tax Code Ann. §§ 41.44, .45 (West Supp. 2012). If these steps are timely completed without a satisfactory resolution, the taxpayer must then timely file its petition in the trial court; this "appeal" of the appraisal review board's order concerns the current tax year only. *Tymrak*, 858 S.W.2d at 337; *see also* Tex. Tax Code Ann. § 42.21 (West Supp. 2012). If an appeal of a prior year's protest is pending when the appraisal review board issues its order, the tax code provides the taxpayer with two options: (1) amend the petition for the pending appeal to include the grounds for appealing the subsequent order, or (2) appeal the board's order independently of the pending appeal. Tex. Tax. Code Ann. § 42.21(c). As the supreme court in *Tymrak* observed,

> Since taxpayer appeals are usually filed at the end of the year, most cases are still pending when the appraisal district delivers notices of appraised value for the next tax year. At that time, the taxpayer makes the decision whether to begin the task of exhausting its administrative remedies in order to correct an improper appraisal of its property for that tax year. The taxpayer must complete these steps for each year that it desires to challenge the valuation because the completion of all the administrative requirements, the filing of a timely petition in the trial court, and the prosecution of the lawsuit to its final disposition affects only the appraised value of the property for that one tax year. Unless a property owner repeats this almost year-long administrative process and files another petition in a separate lawsuit or files an amended petition in a pending lawsuit filed appealing from an appraisal

8

> review board order issued in a previous year, the taxpayer loses its right to litigate the appraised value for the subsequent year, even when a lawsuit challenging the appraised value of the same property for a previous year is pending. Tex. Tax Code § 42.21(c).

*Tymrak*, 858 S.W.2d at 337; *see also* Tex. Tax Code Ann. § 42.09 (tax code procedures for protesting assessment are taxpayer's exclusive remedies). It is undisputed that Wells Fargo did not comply with these procedures for tax years 2008 and 2009 and that it settled and waived its protest for 2010 without ever having sought judicial review of the assessed value. Nonetheless, it now seeks to avoid the consequences of its failure to follow mandatory tax-code procedures, not by protesting the assessed values for those years but by seeking sanctions and claiming that the summary-judgment order in a suit pertaining only to the assessment for the 2007 tax year necessarily governed assessment protests for all subsequent tax periods merely because Wells Fargo was not required to reapply for the exemption once it was granted. We disagree.

In *Henderson County Appraisal District v. HL Farm Corp.*, 956 S.W.2d 672 (Tex. App.—Eastland 1997, no pet.), the court considered *Tymrak* in connection with a dispute regarding the taxpayer's entitlement to an open-space land designation for several tax periods. *Id.* at 673; *see also* Tex. Tax Code Ann. §§ 23.51, .52, .54 (West 2008 & Supp. 2012). Like the pollution-control exemption at issue in this case, a taxpayer claiming an open-space land designation for purposes of ad valorem tax valuation is entitled to retain the designation in subsequent tax years without filing a new application unless use or ownership changes. Tex. Tax Code Ann. § 23.54(e) (West 2008). In its tax-protest suit, the taxpayer had expressly challenged the taxing authority's denial of the open-space land designation for "1988 and all subsequent years," and the trial court rendered judgment in its favor for a six-year period—1988 through 1993. *HL Farm*, 956 S.W.2d at 673. The taxpayer,

9

however, had only exhausted its administrative remedies as to 1988, 1989, and 1992. *See id.* at 675. Applying *Tymrak*, the court of appeals held that the taxpayer was only entitled to the open-space land designation for the years included in the taxpayer's petition and for which administrative remedies had been exhausted. *Id.* at 674-75. Because the taxpayer had exhausted its administrative remedies for the years 1988, 1989, and 1992, the court held that the trial court did not err in finding that HL Farm was entitled to the open-space land designation in those years. *Id.* at 675. Significantly, however, the court determined that successful litigation of the designation issue as to those specific years did not extend to subsequent years for which HL Farm had not exhausted its administrative remedies: "We hold that HL Farm was required to exhaust its administrative remedies for each year at issue in this appeal and that the trial court did not have jurisdiction to consider the issue of HL Farm's entitlement to open-space land designation in 1990, 1991, and 1993." *Id.*

In the present case, Wells Fargo neither requested relief for the 2008, 2009, and 2010 tax years nor exhausted its administrative remedies as to those years. The tax code and case law make it clear that these failures would be fatal to a taxpayer's claim for a refund. Wells Fargo nevertheless asserts two reasons why we must construe the 2008 summary-judgment order to apply to subsequent tax years and allow it to obtain relief through the back door (sanctions) that it could not obtain through the front door (refund after protest). The first is that application of the pollution-control exemption to one tax year relieves the taxpayer of the obligation to apply for it in subsequent tax years, and Wells Fargo was entitled to the exemption for the 2007 tax year by virtue of the 2008 summary-judgment order. As *HL Farms* demonstrates, however, even if the 2008 summary-judgment order obviated the need for Wells Fargo to reapply each year for the pollution-control exemption, it did not obviate the need for Wells Fargo to follow tax-code procedures for protesting

10

assessed values in subsequent years in accordance with the procedures mandated by the tax code. Because Wells Fargo failed to follow those procedures, the trial court lacked authority to award any relief for those subsequent years in the 2008 summary-judgment order.

Anticipating that the failure to exhaust administrative remedies would be problematic, Wells Fargo further contends that it need not have exhausted its remedies in order to challenge the 2008, 2009, and 2010 assessments because certain exceptions to the exhaustion requirement apply under the facts of this case. That may or may not be true, but it is beside the point. Wells Fargo is not challenging the 2008, 2009, and 2010 assessments in a tax-protest suit; it is seeking sanctions based on the 2008 summary-judgment order rendered in a suit that challenged the assessed value only for the 2007 tax year. We need not decide in this case whether Wells Fargo *could* have asserted claims for subsequent years without first exhausting its administrative remedies; the pertinent jurisdictional inquiry in this case is whether it did. On that point, we conclude that the 2008 summary-judgment order cannot properly be construed as applying to subsequent tax years that were not included within the scope of the underlying lawsuit because no relief was requested for those years, the failure to exhaust statutory prerequisites to suit indicates that those tax years were not placed at issue in the underlying lawsuit, and case law makes it clear that litigation of a tax dispute as to one tax period does not apply to subsequent tax periods. Although neither *Tymrak* nor *HL Farms* is a sanctions case, those cases are instructive as to the proper construction of the relief granted in the 2008 summary-judgment order because they demonstrate why that order could not have granted relief beyond the 2007 tax year—the only tax year for which relief was requested and administrative remedies had been exhausted. The trial court's contrary determination in its second

11

sanctions order is inconsistent with the language in Wells Fargo's petition, the governing statutes, and relevant case law.

We hold that the trial court exceeded its jurisdiction when it sanctioned TCAD in relation to the 2008, 2009, and 2010 tax assessments, which were not part of the proceedings before the court when it granted summary judgment in 2008 and therefore could not have been covered by the 2008 summary-judgment order.

## CONCLUSION

For the reasons stated, we vacate the trial court's sanctions order and dismiss the appeal for want of jurisdiction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Vacated and Dismissed for Want of Jurisdiction

Filed: October 12, 2012