**Opinion filed October 13, 2022**



## In The

# Eleventh Court of Appeals

_____

## No. 11-21-00102-CV

_____

## DESERT NDT, LLC, Appellant

## V.

## ECTOR COUNTY APPRAISAL DISTRICT, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-21-02-0184-CV**

### O P I N I O N

Appellant, Desert NDT, LLC, appeals the trial court's order granting Ector County Appraisal District's (ECAD) plea to the jurisdiction. Appellant filed suit in district court appealing an Order Determining Protest or Notice of Dismissal issued by the Ector County Appraisal Review Board (ARB). *See* TEX. TAX CODE ANN. § 42.01 (West Supp. 2021). In response, ECAD filed a plea to the jurisdiction on the grounds that Appellant failed to (1) timely pay a determinable portion of the

taxes due ECAD by the delinquency date as required by Section 42.08 and (2) appear at the hearing on its protest before the ARB. *See id.* § 42.08(b) (West 2015), § 41.45. Although at the hearing on the plea, the trial court found that Appellant successfully rebutted the presumption of the delivery of the ARB protest-hearing notice, *see id.* § 1.07(c), it later granted ECAD's plea. We affirm.

## I. *Factual Background*

Appellant owns miscellaneous equipment and leases vehicles for use in its business. For the 2017 tax year, Appellant identified the value of its property located in Ector County at $356,371.92; ECAD appraised the value of the same property at $2,258,497. As a result of this discrepancy, Appellant filed a notice of protest in April 2017 alleging that ECAD's appraisal erroneously included personal property that was not located within Ector County.

ECAD scheduled a protest hearing before the ARB on July 10, 2017. However, Appellant did not receive notice of the ARB hearing and thus failed to appear. The ARB then dismissed Appellant's protest and placed the property on the tax roll at the appraised value of $2,258,497 for the 2017 tax year. ECAD thereafter mailed tax bill to Appellant in December 2017. Appellant later received a second tax bill notice. The tax bills sent to Appellant identified the payment delinquency date as April 1, 2018. Aside from filing the notice of protest, Appellant took no further actions regarding its 2017 taxes until April 2019 when it submitted a partial payment of $6,440.18 to ECAD.

Concurrently with the assessment of the 2017 taxes, Appellant and ECAD were engaged in separate appeals concerning Appellant's assessed property values for the 2015 and 2016 tax years. The same dispute existed in the 2015 and 2016 tax year appeals: ECAD included property in its assessment whose situs was in a different appraisal district. Appellant and ECAD executed a mediated settlement agreement in November 2018 regarding the 2015 and 2016 tax year disputes, and the

2

trial court signed an Agreed Final Judgment for each of these years on February 6, 2019.[1]

On February 19, 2021, Appellant filed the instant lawsuit appealing the ARB's dismissal of Appellant's 2017 tax protest. ECAD responded with a plea to the jurisdiction, alleging that the trial court lacked subject-matter jurisdiction to consider Appellant's claims because Appellant had failed to exhaust the necessary administrative remedies under the Tax Code. After a hearing, the trial court granted ECAD's plea.

In three issues, Appellant complains that the trial court erred when it granted ECAD's plea to the jurisdiction because (1) ECAD failed to deliver notice of the protest hearing to Appellant in violation of Appellant's right to due process, *see* TAX §§ 1.07, 41.46; (2) the trial court failed to extend its judgment concerning the 2016 taxes and enforce the same judgment as to the 2017 tax issues; and (3) Appellant met the payment requirements under Section 42.08 and thus exhausted the necessary administrative remedies.

## II. *Standard of Review*

Before a court may dispose of a case, it is essential that the court possess subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). A plea to the jurisdiction is a dilatory plea and a proper method by which to challenge a trial court's subject-matter jurisdiction. *Id.* at 554. Whether a trial court has subject-matter jurisdiction over a case is a question of law that we review de novo. *Harris Cnty. v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018) (citing

_____

[1]The Agreed Final Judgment for the 2015 tax year was signed on February 4, 2019. The Agreed Final Judgment in the clerk's record for the 2016 tax year is dated February 6, 2018. However, Appellant and ECAD consistently refer to the date of this judgment as February 6, 2019. The parties' negotiations concerning the 2016 tax year concluded in November 2018. Thus, we note that the judgment for the 2016 tax year was signed in 2019, not 2018.

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)); *Ector Cnty. v. Breedlove*, 168 S.W.3d 864, 865 (Tex. App.—Eastland 2004, no pet.).

The purpose of a plea to the jurisdiction is to defeat a pleaded cause of action without reaching the merits. *Blue*, 34 S.W.3d at 554. A plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018); *City of Merkel v. Copeland*, 561 S.W.3d 720, 723 (Tex. App.—Eastland 2018, pet. denied). When the plea challenges the existence of jurisdictional facts, as in the case before us, we must move beyond the pleadings and consider evidence when necessary to resolve the jurisdictional issues, even if the evidence implicates both subject-matter jurisdiction and the merits of a claim. *Clark*, 544 S.W.3d at 770–71 (citing *Blue*, 34 S.W.3d at 555). In such cases, the standard of review mirrors that of a traditional summary judgment. *Id.* at 771 (citing *Miranda*, 133 S.W.3d at 225–26).

Thus, if the plaintiff's factual allegations are challenged with supporting evidence necessary to the consideration of the plea to the jurisdiction, the plaintiff must raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject-matter jurisdiction and avoid dismissal. *Id.* (citing *Miranda*, 133 S.W.3d at 221). When we determine whether a material fact issue exists, "we must take as true all evidence favorable to the plaintiff, indulging every reasonable inference and resolving any doubts in the plaintiff's favor." *Id.* We cannot, however, disregard evidence that is necessary to show context; nor can we disregard evidence and inferences unfavorable to the plaintiff if reasonable jurors could not. *Id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 811–12, 822–23, 827 (Tex. 2005)).

III. *Analysis*

The procedures provided in the Texas Tax Code for "adjudication of the grounds of protest . . . are exclusive." TAX § 42.09(a); *see also Cameron Appraisal*

4

*Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006) (per curiam) ("The Texas Tax Code provides detailed administrative procedures for those who would contest their property taxes."). "Compliance with the tax code is a jurisdictional prerequisite to pursuing judicial review, and failure to strictly comply with the time lines set forth in the code is a jurisdictional defect precluding review." *Tarrant Appraisal Dist. v. Gateway Ctr. Assocs., Ltd.*, 34 S.W.3d 712, 714 (Tex. App.—Fort Worth 2000, no pet.); *see also Webb Cnty. Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 954 (Tex. 1990) ("[J]udicial review of administrative orders is not available unless all administrative remedies have been pursued to the fullest extent.").

## A. *Due Process and ECAD Jurisdiction*

Appellant, in its first issue, contends that ECAD's failure to deliver notice of the protest hearing violated Appellant's right to due process. Within this, Appellant attempts to raise an additional argument that ECAD's jurisdiction was never invoked because ECAD failed to properly deliver the notice of appraised value for the 2017 tax year to Appellant. While not a separate and distinct issue that Appellant has raised on appeal, this jurisdictional argument requires separate consideration, because a determination that ECAD never acquired jurisdiction to consider Appellant's complaints would in turn necessarily confer subject-matter jurisdiction on the trial court to consider the merits of Appellant's underlying lawsuit. *See New v. Dallas Appraisal Rev. Bd.*, 734 S.W.2d 712, 716 (Tex. App.—Dallas 1987, writ denied) (If the jurisdiction of the appraisal district fails to attach, "the remedies and limitations provided in the [Tax] Code are inapplicable."). In that regard, Appellant asserts that ECAD's jurisdiction failed to attach because ECAD incorrectly addressed the notice of appraised value to "DESERT NDT DBA DESERT NDT" instead of to "DESERT NDT, LLC." We disagree.

In support of this argument, Appellant relies on *New v. Dallas Appraisal Review Board* for the assertion that because the notice requirements under the Tax

Code are strictly enforced, the discrepancy in its name as identified in the notice was so detrimental that ECAD's jurisdiction could never have attached in the first place. 734 S.W.2d at 714–716. However, the court's decision in *New* is not applicable because the taxpayer in *New* never received notice of the appraised value. *Id.* at 715. Here, Appellant did receive notice of the appraised value for the 2017 tax year despite the difference in its name that was identified in the notice.

Furthermore, the legislature did not intend for such slight mistakes to affect the validity of the appraisal district's jurisdiction under the Tax Code. *See Denton Central Appraisal Dist. v. CIT Leasing Corp.*, 115 S.W.3d 261, 265 (Tex. App.— Fort Worth 2003, pet. denied) ("the legislature did not intend that the notice required under section 25.19 be a prerequisite to a taxing district's jurisdiction"). As such, neither the validity of the appraisal nor the appraisal district's imposition of taxes based on the appraisal is affected if a taxpayer does not receive the required notice of the appraised value. *Id.* at 265. Section 25.19 requires the chief appraiser to deliver written notice to a property owner of the appraised value of the property if the appraised value of the property is greater than the value rendered by the property owner. TAX § 25.19(a)(2). Subsections (a)(3) and (d) expressly provide that the taxpayer's failure to receive this notice does not affect the validity of the appraisal or the imposition of any tax that is based on the appraisal. *Id.* § 25.19(a)(3), (d). Further, Section 25.02(b) states: "A mistake in the name or address of an owner does not affect the validity of the appraisal records, of any appraisal or tax roll based on them, or of the tax imposed. The mistake may be corrected as provided by this code." *Id.* § 25.02(b).

Appellant's argument that the delivery of the notice of appraised value was deficient and ineffective because there is a difference between Appellant's name as identified in ECAD's records when compared to Appellant's legal identity is not persuasive. First, Appellant received notice of the appraised value and recognized,

despite the difference in name, that it was identified as the presumed property owner. Thus, there was no issue with delivery. *See* TAX § 1.07; *New*, 734 S.W.2d at 715–16. Further, although Appellant had the opportunity to correct how its name appeared on the notice when it filed its rendition of taxable property, no changes were made by Appellant and the name listed on the notice remained "DESERT NDT DBA DESERT NDT." *See id.* § 25.02(b). Under the Tax Code, such oversights and mistakes do not affect the validity of the appraisal. *See id.* Thus, ECAD's jurisdiction over this controversy attached to the 2017 tax year, and the remedies and limitations provided in the Tax Code are applicable to this dispute.

Returning to the core of Appellant's first issue, the alleged due process violation, Appellant's argument is largely focused on establishing that ECAD failed to deliver notice of the protest hearing to Appellant. However, the trial court found, and ECAD concedes, that Appellant rebutted the presumption of delivery of the protest-hearing notice under Section 1.07(c). Based upon the failure of delivery, Appellant argues that it was denied its administrative remedy because proper notice of the protest hearing was not provided. We disagree.

Collection of a tax constitutes a deprivation of property; therefore, a taxing unit must afford a property owner due process of law. *McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco, Dep't of Bus. Regul. of Fla.*, 496 U.S. 18, 36–37 (1990); *Appraisal Rev. Bd. of El Paso Cnty. Cent. Appraisal Dist. v. Fisher*, 88 S.W.3d 807, 813 (Tex. App.—El Paso 2002, pet. denied); *see also Indus. Commc'ns, Inc. v. Ward Cnty. Appraisal Dist.*, 296 S.W.3d 707, 713 (Tex. App.—El Paso 2009, pet. denied). "Due process affords a party the right to be heard before final assessment of the taxes; it does not detail the review mechanism." *CIT Leasing Corp.*, 115 S.W.3d at 265–66. "In cases involving taxation, due process is satisfied if the taxpayer is given an opportunity to be heard before an assessment board at

7

some stage of the proceedings." *Id.*; *Fisher*, 88 S.W.3d at 813. Undoubtedly, the Tax Code fully provides for such an opportunity.

The Tax Code provides the mechanism and opportunity for property owners to protest a failure of the taxing entity to provide or deliver any notice to which the property owner is entitled. *See* TAX § 41.411. But to protest a taxing entity's failure to give notice, the property owner must meet the statutory deadlines and exhaust the defined administrative remedies that are specified in the code. *See id.* § 41.4115(b) (requiring the taxpayer to pay the undisputed portion of taxable value by the delinquency date to avoid forfeiture). Therefore, under Section 41.411, the property owner is provided the opportunity to be heard (1) at some stage of the administrative process and (2) in the trial court, if the exhaustion requirements are met; this opportunity to be heard satisfies due process. *CIT Leasing Corp.*, 115 S.W.3d at 266.

In this instance, the failure to deliver notice of the protest hearing to Appellant does not excuse Appellant from taking any further and necessary action under the Tax Code to address its complaints. Appellant was certainly afforded the opportunity to protest this failure to receive notice under Section 41.411. Here, Appellant forfeited this opportunity by not timely submitting a tax payment to ECAD on the undisputed portion of its tax liability as required by Section 41.4115. Further, and although not necessary to validate the amount of tax that Appellant owed, it cannot be disputed that Appellant received notice of the appraisal, the tax assessment, and the date of delinquency. Because Appellant was afforded an opportunity to be heard before the taxes in dispute were finally assessed, we conclude that Appellant was not denied due process. Accordingly, we overrule Appellant's first issue on appeal.

B. *Enforcement of the Judgment*

Appellant, in its second issue, contends that the 2016 Agreed Final Judgment applied to the 2017 tax year and, thus, the trial court disregarded its obligation to enforce its judgment by granting ECAD's plea to the jurisdiction. We disagree.

"[A] taxpayer must pursue the annual administrative process for *each tax year* that he wants to appeal to the trial court." *Atascosa Cnty. Appraisal Dist. v. Tymrak*, 858 S.W.2d 335, 337 (Tex. 1993) (emphasis added). The supreme court in *Tymrak* determined that an "appeal" under Section 42.01 concerns the current tax year only and that:

> The taxpayer must complete these steps [exhausting the administrative remedies] for each year that it desires to challenge the valuation because the completion of all the administrative requirements, the filing of a timely petition in the trial court, and the prosecution of the lawsuit to its final disposition affects only the appraised value of the property for that one tax year. Unless a property owner repeats this almost year-long administrative process and files another petition in a separate lawsuit or files an amended petition in a pending lawsuit filed appealing from an appraisal review board order issued in a previous year, the taxpayer loses its right to litigate the appraised value for the subsequent year, even when a lawsuit challenging the appraised value of the same property for a previous year is pending. TEX. TAX CODE § 42.21(c).

*Id.*; *see also Henderson Cnty. Appraisal Dist. v. HL Farm Corp.*, 956 S.W.2d 672, 674 (Tex. App.—Eastland 1997, no pet.).

In this case, Appellant argues that if ECAD had followed the directive to correct the tax roll pursuant to the 2016 Agreed Final Judgment, the appraised value for 2017 would similarly be corrected. However, this argument ignores that the 2017 taxes were assessed, billed, due, and delinquent before the 2016 Agreed Final Judgment was signed on February 6, 2019. As such, any tax roll correction by ECAD as a result of the 2016 Agreed Final Judgment could not have affected the 2017 tax year, the delinquency date for which was April 1, 2018.

9

Furthermore, the 2016 Agreed Final Judgment does not reference the 2017 tax year. Appellant failed to independently complete the protest process for the 2017 tax year and did not amend its petition in the 2016 lawsuit to assert an independent claim while that suit was pending before the trial court. Therefore, we hold that Appellant was required to independently exhaust its administrative remedies for the 2017 tax year, separately and apart from the efforts that it made for the 2016 tax year. *See Tymrak*, 858 S.W.2d at 337; *HL Farm Corp.*, 956 S.W.2d at 674. Appellant's failure to do so deprived the trial court of subject-matter jurisdiction to consider Appellant's challenge to the 2017 appraised value of the property as assessed by ECAD. Accordingly, we overrule Appellant's second issue on appeal.

C. *Payment of Taxes under Section 42.08(b)*

Finally, Appellant contends that it met the payment requirements under Section 42.08 and thus exhausted its administrative remedies under the code. We disagree. Section 42.08(b) provides:

> [A] property owner who appeals as provided by this chapter must pay taxes on the property subject to the appeal in the amount required by this subsection *before the delinquency date* or the property owner forfeits the right to proceed to a final determination of the appeal. The amount of taxes the property owner must pay on the property *before the delinquency date* to comply with this subsection is the lesser of:
>
> (1) the amount of taxes due on the portion of the taxable value of the property that is not in dispute;
>
> (2) the amount of taxes due on the property under the order from which the appeal is taken; or
>
> (3) the amount of taxes imposed on the property in the preceding tax year.

TAX § 42.08(b) (emphasis added). Subsection (b) requires that a property owner must pay *some amount* of the tax that is due prior to the delinquency date. *Id.* Failure

10

to pay "some amount" by this deadline may result in the forfeiture of the right to appeal and challenge the tax assessment unless it is shown that the property owner substantially complied with subsection (b). *U. Lawrence Boze' & Assocs., P.C. v. Harris Cnty. Appraisal Dist.*, 368 S.W.3d 17, 26 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Eggert v. Comanche Cent. Appraisal Dist.*, No. 11-05-00416-CV, 2007 WL 3026716, at *3 (Tex. App.—Eastland Oct. 18, 2007, no pet.) (mem. op.).

Appellant asserts that it fully satisfied the payment requirements under Section 42.08(b) in one of two ways. First, Appellant asserts that it complied with Section 42.08(b)(1) because it disputed the full amount of taxes that were due ECAD and, thus, it was not required to make any payment by the April 1, 2018 delinquency deadline. Alternatively, Appellant asserts that it substantially complied with Section 42.08(b)'s payment requirements when it made tax payments to other taxing jurisdictions for the 2017 tax year. The record shows that Appellant did not timely pay any portion of the 2017 taxes that were due ECAD by the delinquency deadline, April 1, 2018; instead, it did not make its first payment to ECAD, albeit only a nominal partial payment, until April 2019. Thus, we must determine whether the requirements of Section 42.08(b), or even substantial compliance, can be met by a protesting party who does not pay any portion of the taxes that are due until a year after the delinquency deadline has expired.

Appellant's assertion that it disputed the full amount of taxes that were due ECAD, and thus did not forfeit its right to appeal or challenge the taxes that were assessed, is controverted by the evidence submitted by ECAD with its plea to the jurisdiction. Although a taxpayer who disputes the appraisal district's jurisdiction to tax certain property does not forfeit its right to appeal the assessment when the complaint is based upon the failure to timely pay the taxes assessed by the district, Appellant here did not dispute ECAD's jurisdiction to tax at least some of the vehicles it owned during the relevant time period. *See U. Lawrence Boze' & Assoc.,*

11

*P.C.*, 368 S.W.3d at 28 ("[W]here a property owner asserts that the District lacks jurisdiction to tax certain property, and no tax was imposed during the previous year, then the property owner does not lose its right to proceed to a final determination on appeal based upon its failure to timely pay the taxes assessed by the District." (quoting *Pratt & Whitney Canada, Inc. v. McLennon Cnty. Appraisal Dist.*, 927 S.W.2d 641, 643 (Tex. App.—Waco 1996, writ denied) (per curiam))).

Appellant identified in its rendition at least a minimum number of vehicles it owned that were located within Ector County for the 2017 tax year. Further, Appellant admitted during the plea hearing, and now on appeal, that at least some of the contested vehicles had a taxable situs within Ector County on the tax assessment date. Under the code, Appellant was required to pay the tax attributable to the vehicles that were not in dispute to ECAD on or before the delinquency date. *See* TAX § 42.08(b)(1). However, Appellant did not pay *any* of the required taxes to ECAD on or before the statutory delinquency deadline. Thus, Appellant did not comply with any of the available payment options under Section 42.08(b) in order to successfully avoid the forfeiture of its right to appeal the ARB's decision to the trial court.

Alternatively, Appellant argues that we should conclude that "substantial compliance" under Section 42.08(b) is satisfied if tax payments were made to any taxing jurisdictions outside of Ector County for the 2017 tax year. Appellant cites to no authority to support its assertion that substantial compliance is met if tax payments for the year in dispute are made to other taxing jurisdictions. For the reasons to be stated, we hold that any tax payments that were made by Appellant to other taxing jurisdictions for the 2017 tax year, under these circumstances, do not satisfy the code's "substantial compliance" requirement.

"A property owner may avoid the forfeiture provision by *substantially complying* with . . . section 42.08(b) . . . ." *U. Lawrence Boze' & Assocs., P.C.*, 368

S.W.3d at 26 (emphasis added) (quoting *J.C. Evans Const. Co. v. Travis Cent. Appraisal Dist.*, 4 S.W.3d 447, 450 (Tex. App.—Austin 1999, no pet.)). "Substantial compliance" means that the taxpayer has performed the essential requirements of a statute. *Id.*; *Eggert*, 2007 WL 3026716, at *2; *Mo. Pac. R.R. Co. v. Dallas Cnty. Appraisal Dist.*, 732 S.W.2d 717, 721 (Tex. App.—Dallas 1987, no writ). Any deviations that do not seriously hinder the legislature's purpose in imposing the requirement will be excused. *U. Lawrence Boze' & Assocs., P.C.*, 368 S.W.3d at 27 (citing *Mo. Pac. R.R. Co.*, 732 S.W.2d at 721). The Dallas Court of Appeals in *Missouri Pacific* identified two objectives of Section 42.08(b)'s prepayment requirement: (1) to ensure that property owners "would not use the right of judicial review as a subterfuge for delaying or avoiding the payment of at least some tax"; and (2) "to assure that the activities of the local governments which relied on ad valorem taxes would not be unduly impeded by granting the property owner the right of judicial review." 732 S.W.2d at 721.

We have previously held, as have our sister courts of appeals, that "substantial compliance" requires that some portion of the assessed taxes be paid on or before the delinquency date. *Eggert*, 2007 WL 3026716, at *3; *see also Harris Cnty. Appraisal Dist. v. Herrin*, 917 S.W.2d 345, 347 (Tex. App.—Houston [14th Dist.]), *modified*, 924 S.W.2d 154 (Tex. 1996); *Harris Cnty. Appraisal Dist. v. Dipaola Realty Assocs.*, 841 S.W.2d 487, 490 (Tex. App.—Houston [1st Dist.] 1992, writ denied); *Filmstrips & Slides, Inc. v. Dallas Cent. Appraisal Dist.*, 806 S.W.2d 289, 291 (Tex. App.—Dallas 1991, no writ); *Ferguson v. Chillicothe Indep. Sch. Dist.*, 798 S.W.2d 395, 398 (Tex. App.—Amarillo 1990, writ denied); *Harris Cnty. Appraisal Dist. v. Consol. Capital Props. IV*, 795 S.W.2d 39, 41 (Tex. App.—Amarillo 1990, writ denied). We reaffirm that holding today.

Importantly, the central issue before us concerns the *timeliness* of Appellant's tax payment, not which taxing district had jurisdiction over the disputed property.

13

As stated above, Appellant has identified, and conceded, that at least some of the vehicles that it owned for the 2017 tax year were located within Ector County. Payments by Appellant to other taxing districts for that tax year has no bearing on whether any timely tax payment was made by Appellant to ECAD for the vehicles over which *ECAD* did have jurisdiction. To hold as Appellant suggests—that a property owner's obligation to pay taxes, on property that is located within the jurisdiction of the district that assessed the taxes, is ultimately satisfied if the property owner makes similar tax payments to another taxing district—would frustrate the purpose and intent of Section 42.08.

In light of Appellant's failure to pay *any* taxes on the subject property to ECAD (the proper taxing district) on or before the delinquency date, which property it conceded was located within ECAD's taxing jurisdiction, we hold that Appellant neither met nor substantially complied with any of the payment requirements under Section 42.08(b). Accordingly, we overrule Appellant's third issue on appeal.

## IV. *This Court's Ruling*

We affirm the order of the trial court.


W. STACY TROTTER

JUSTICE


October 13, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.